## LOUISIANA *Ex rel.* NELSON *v.* POLICE JURY OF ST. MARTIN'S PARISH.

IN ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

Argued April 25th, 1884.—Decided May 5th, 1884.

When a contract is made with a municipal corporation upon the faith that taxes will be levied, legislation repealing or modifying the taxing power of the corporation, so as to deprive the holder of the contract of all adequate and efficacious remedy, is within the inhibition of the Constitution.

On an appeal from a judgment ordering the issue of a mandamus to compel the collection of a tax to pay a judgment recovered against a municipal corporation, the appellate court may authorize an inquiry whether the judgment was founded upon a contract or a tort, with a view to determine the constitutional rights respecting it; but has no authority to re-examine the validity of the contract or the propriety of the original judgment, those questions having been finally adjudicated.

A judgment creditor of a municipal corporation entitled by his original contract to be paid out of specific tax levies, which agreement the corporation failed to comply with, is entitled, in mandamus proceedings, to a writ ordering the levy and collection of a sufficient tax to pay his judgment according to the assessment roll of the year in which the levy is made.

On the 29th of November, 1873, the relator, Nelson, recovered in the Third Judicial District Court for the Parish of St. Martin, in Louisiana, a judgment against the Parish for $4,500, with interest at eight per cent. per annum from October 5th, 1868. At that time the law of Louisiana provided that whenever a judgment for money was rendered by any court of competent jurisdiction against a parish of the State, the judge rendering it should, "in the same decree, order the board of assessors or parish officers, whose duty it is to assess taxes, forthwith to assess a parish tax at a sufficient rate per centum upon the assessment roll of the current year to pay and satisfy said judgment, with interest and costs." Rev. Stat. of La. sec. 2628. The law also declared that in such decree or judgment the judge should provide that the State or tax collector should "proceed forthwith to collect the tax" in the same manner that parish taxes were collected, and that the proceeds should constitute a special fund out of which said judgment, interest, and costs, should be paid, and should not be diverted to

any other. purpose, provided sufficient proof was furnished to him that there were no funds in the parish treasury to satisfy the judgment. Ibid. sec. 2630. In pursuance of these provisions, the judge of the Third Judicial District Court entered, with the judgment rendered on the 29th of November, 1873, a decree for the assessment and collection of a parish tax to pay it, and directed the collector to proceed at once to collect the tax. That judgment and decree are as follows :

"In the above-entitled case, the law and evidence being in favor of plaintiff and against the defendant, it is ordered, adjudged, and decreed that said plaintiff, Thos. W. Nelson, have judgment against and recover from the defendant, Parish of St. Martin, the sum of forty-five hundred dollars, with eight per cent. interest per annum, from October 5th, 1868, and that the board of assessors, or officers whose duty it is to assess taxes, forthwith proceed to assess a parish tax, at a sufficient rate per cent. upon the assessment roll of the current year, to pay said judgment, and that the tax collector proceed forthwith to collect said tax in the same manner that parish taxes are now collected, and the amount collected to be a specific fund to pay said judgment.

"Done, read, and signed in open court, this 29th November, 1873."

From the entry of this judgment and decree to the presentation of the application for a mandamus to be issued to the officers designated, the relator in vain endeavored to have the decree executed. He made repeated applications to them to assess and collect the tax ordered, but they refused to do so ; and at the extra session of the legislature of 1877, by the act known as No. 56, passed on the 10th of April of that year, the provisions of law to which we have referred were repealed. Subsequently the officers in excuse of their conduct alleged a want of authority by reason of the repeal. He therefore applied to the court for a mandamus to compel them to proceed in such assessment and collection pursuant to the decree of the court, setting forth in his petition the judgment recovered, with the accompanying decree, the refusal of those officers to carry out the directions of the decree on account of the repeal-

ing act of 1877, and averring that that act, if constitutional, left him absolutely without any remedy, as the parish was without property liable to seizure in an amount sufficient to pay it; and that the act was null and void as to him, and his rights under the decree, because in conflict with the constitution of Louisiana and that of the United States prohibiting legislation impairing the obligation of contracts; and that unless aided by the writ of mandamus he would lose the rights established by his judgment. The writ was duly served, and upon its return the president of the police jury of the parish appeared representing the assessing officers. The Parish of St. Martin also appeared and set up that the remedies invoked for the enforcement of the judgment were repealed; that the parish was largely involved in debt; that its tax was then ten mills on the dollar, and that the levying of an additional tax to pay the judgment in one instalment would not only exceed the rate of taxation fixed by article 209 of the new constitution of the State, but would absorb, or nearly so, its entire revenues. Upon these pleadings the district court ordered a peremptory mandamus directing the levy and collection of the tax. An appeal was then taken to the Supreme Court of the State, where the judgment was reversed, the court holding that the right to the mandate depended upon the question whether the judgment against the parish was founded upon a contract protected against impairment by State legislation under the federal Constitution; observing that the repealing act of 1877 should be no bar to the exercise of the remedy accorded by law to the relator in force at the time that he obtained his judgment, which "not only theoretically but practically formed part of that judgment, provided that judgment be founded on a contract;" and also that unless it was thus founded the court would be powerless to enforce its payment in the manner proposed, under the inhibition of the Constitution of 1879 limiting taxation to ten mills on the dollar of the valuation of property. As the judgment did not specify the cause of action upon which it was rendered, the court thought that it would be in furtherance of justice to give the relator an opportunity of establishing that it was upon a contract, if such were the case,

and to allow the defendants to adduce such further evidence, and make such other defences as the nature of the suit might require. 32 La. Ann. 884. The court subsequently stated that it was not its intention by its decision to open the judgment which had been rendered in 1873 in order that the issues involved and determined might be tried *de novo,* but only to allow proof of a material fact in support of the proceeding by mandamus, viz., a protected contract, that is, whether the judgment was upon a contract of that character, which was protected both by the State and Federal constitutions. 33 Ibid. 1124.

When the case went back to the District Court it was shown that the judgment was entered upon warrants drawn by the Parish of St. Martin for the sum of $4,500 for the building of a bridge over Bayou Teche within the corporation, such warrants being drawn in favor of the municipal authorities of the town of New Iberia and payable to the extent of $1,000 by a special appropriation out of the tax of 1856, and to the extent of $3,500 out of any surplus funds in the hands of the treasurer, from the taxes of 1865, 1866, 1867, and 1868. The District Court held the proof to be sufficient that the judgment was founded upon a contract, and again ordered a peremptory mandamus to be issued to levy and collect the tax.

From this decree an appeal was also taken to the Supreme Court, where it was reversed on the ground that the warrants upon which the judgment was rendered were payable out of certain funds by specific appropriation, and on the further ground that the original judgment required an immediate assessment and collection of a tax in 1873 according to the assessment roll of that year; which could not be done in 1881. The court held that as regards the levy of the tax the judgment had ceased to be executory, and had passed out of existence. It, therefore, reversed the decree and directed judgment rejecting the demand of the relator. The relator thereupon brought this writ of error. Pending the case in this court, Will Steven became assignee of Nelson, and he having died, Michael O'Brien and Wm. P. Richardson, his testamentary executors, were substituted as plaintiffs in error.

*Mr. Gus. A. Breaux* for defendant in error.

No appearance for defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.  He stated the facts in the foregoing language, and continued:

In the case of *Louisiana* v. *Mayor of New Orleans*, 109 U. S. 285, we held that the right to reimbursement for damages caused by a mob or riotous assemblage of people in that city, was not founded upon any contract between the corporation and the parties injured; that its liability for the damages was created by law, and could be withdrawn or limited at the pleasure of the legislature; that its creation was merely a measure of policy, and its character was not changed by the fact that the amount of damage sustained in any particular case was ascertained and established by a judgment in favor of the sufferer.  So when the question arose as to the validity of legislation changing the rate of taxation by which funds could be obtained to meet a judgment in such case, the court looked beyond the judgment to the causes upon which it was founded.  As the contract clause of the Constitution was intended to secure the observance of good faith in the stipulation of parties against State action, it could not be invoked when no such stipulation existed, and therefore not against legislation which interfered merely with the enforcement of claims for damages from the violence of mobs or of judgments upon such claims.

It was, therefore, entirely within the competency of the Supreme Court of Louisiana to authorize an inquiry into the cause of action on which the judgment of Nelson was rendered, when he prayed for its enforcement by proceedings which were authorized by legislation existing at its date, but subsequently repealed.  Whether such repeal was effectual to deprive him of the process prayed, depended upon the question whether the judgment was founded upon a contract, the obligation of which the State was prohibited from impairing.  By the obligation of a contract is meant the means which, at the time of its creation, the law affords for its enforcement.  The

usual mode by which municipal bodies obtain the funds to meet their pecuniary engagements is taxation. Accordingly, when a contract is made upon the faith that taxes will be levied, legislation repealing or modifying the taxing power of the corporation, so as to deprive the holder of the contract of all adequate and efficacious remedy, is within the constitutional inhibition.

The inquiry, however, which may be thus instituted into the nature of the original cause of action, does not, where the judgment was rendered upon a contract, authorize a re-examination of the validity of the contract, or of the propriety of the judgment. That would involve a retrial of the case. Here the inquiry disclosed the fact that the judgment of Nelson was founded upon treasury warrants issued by the Parish of St. Martin, in favor of the municipal authorities of New Iberia, for $4,500, for the building of a bridge over a bayou within the limits of the corporation, made payable out of certain funds, the proceeds of taxes for particular years. It may be that the funds mentioned were merely such as the authorities intended to apply to the payment of the warrants, and were not designed to be any limitation upon the right of the holder to payment for the construction of the bridge if such funds did not exist. So the district court would seem to have thought, as its judgment was general, that the plaintiff recover the amount absolutely from the parish, and this judgment had become final before the application for the writ of mandamus. The absolute liability of the parish upon such warrants was therefore no longer an open question, and the inquiry whether the judgment was founded upon a contract was answered. Further testimony on the subject was irrelevant and incompetent. The Supreme Court, however, held that the designation of the funds out of which the warrants were to be paid rendered the parish liable only if the funds were sufficient, notwithstanding the terms of the judgment. Its conclusion in this respect was wholly unauthorized, because founded upon evidence which it could not legitimately consider. The judgment being absolute, and the plaintiff therein being by law entitled at the time to a decree that the assessing and collecting officers of the parish should assess and collect a tax suffi-

cient to pay it, and such decree having been entered, and those officers having failed in their duty, the relator was entitled to the writ prayed. The Code of Procedure of Louisiana declares that the writ may be directed to public officers to compel them to fulfil any of the duties attached to their office, or which may be legally required of them. Article 834. There can be no doubt, therefore, that under this law the writ should have been granted.

The position of the court that the relator was not entitled to the writ because the decree accompanying the judgment contemplated a levy of the tax in 1873 according to the assessment roll of that year, is without force. He was entitled, and the party succeeding to his interest is entitled to a writ commanding the levy and collection of a sufficient tax to pay the judgment, according to the assessment roll of the year in which the levy is made, at any time until the judgment is satisfied; the right to demand the tax not depending upon the valuation of the taxable property for any year for general purposes. Such right was not only assured by the law in force when the contract was made, but was expressly declared in the decree accompanying the judgment and forming part of it. It is difficult to conceive a plainer case for the relief prayed.

*The decree must be reversed, with directions to the Supreme Court to affirm the judgment of the Third District Court awarding the mandamus prayed; and it is so ordered.*