LEAVITT *v.* LOVERING.

When words occur in a statute which can be given no effect consistent with the plain intent of the statute, they must be rejected as without meaning.

A statute providing that all payments made within three months before an assignment by a debtor for the benefit of creditors shall be void, does not apply to payments on contracts existing at the time of its enactment.

ASSUMPSIT, by the plaintiff as assignee of Hicks, under Gen. Laws, *c.* 140, and Laws of 1885, *c.* 85.

October 21, 1885, Hicks being indebted to the defendant in the sum of $146.50 upon two promissory notes given prior to 1885, made a new note to the defendant for that sum payable on demand, and executed a mortgage of a yoke of oxen and a horse to secure its payment. October 26, 1885, he sold the oxen for $130, and paid the money to the defendant, who endorsed that amount upon the note.

Afterwards, and before January 16, 1886, he sold the horse, and out of the avails paid the remainder of the note and took it up. January 16, 1886, he made an assignment of his property for the benefit of his creditors, and February 14, 1886, the plaintiff was appointed assignee of his estate. The action is brought to recover the money paid by Hicks to the defendant.

*J. I. Parsons*, for the plaintiff.

*T. F. Johnson*, for the defendant.

CARPENTER, J. "Whenever an assignment to the judge of probate is made, as provided by section 1 of this act, all attachments shall be void except such as have been made three months previous to such assignment, and all payments, pledges, mortgages, conveyances, sales, and transfers made within three months next before said assignment, and after the passage of this act and before the first of September next, and also all payments, pledges, mortgages, conveyances, sales, and transfers, whenever made, if fraudulent as to creditors, shall be void, and the assignee may recover and hold the property attached, mortgaged, conveyed, sold, or transferred, as aforesaid, disincumbered of all such liens or claims." Laws of 1885, *c.* 85, *s.* 9.

The unmistakable intent of the statute is to make void all payments, pledges, etc., made after the passage of the act, and within three months next before the debtor's assignment. No effect consistent with this intent can be given to the words "and before the first of September next," and they must be rejected as without meaning. *Green* v. *Wood*, 7 Q. B. 178 ; *Huidekoper* v. *Douglass*, 3 Cranch 1, 66 ; *Matter of Rochester Water Commissioners*, 66 N. Y. 414, 420–422.

The statute does not expressly and in terms declare void payments made within the time specified upon contracts existing at the time of its enactment, and cannot be construed as extending to them unless such an intent of the legislature is clearly manifested. The mere fact that the language is broad enough to avoid payments on such contracts will not alter the rule. *B. & M. Railroad* v. *Cilley*, 44 N. H. 578, 579. This doctrine for the interpretation of statutes is applied without regard to the constitutional authority of the legislature to give them a retroactive effect. *Colony* v. *Dublin*, 32 N. H. 434 ; *Dickinson* v. *Lovell*, 36 N. H. 364, 366 ; *Atherton* v. *McQuesten*, 46 N. H. 205, 211. Its application is imperative where such an effect cannot be given to the statute without a violation of the constitution of the state or of the United States. Whatever may be the language of the legislature, the court is bound to presume that it intended to keep within the limits of the constitution. *Woart* v. *Winnick*, 3 N. H. 483 ; *Kennett's Petition*, 24 N. H. 139, 141 ; *Rich* v. *Flanders*, 39 N. H. 367 ; *Opinion of Justices*, 41

N. H. 555, 556; *Kent* v. *Gray*, 53 N. H. 576; *Rockport* v. *Walden*, 54 N. H. 167, 174; *Chase* v. *Jefts*, 58 N. H. 43.

The statute not only denies to the creditor for the period of three months next before the debtor's assignment any practical aid of the law to enforce payment of the debt,—withdraws from the operation of legal process all the debtor's property, leaving to the creditor nothing but the barren right to sue and obtain judgment,—but also forbids a voluntary satisfaction of the debt by the debtor during the same time. If it were made in express terms applicable to preëxisting contracts, it would be to that extent a violation of the provision of the federal constitution, which declares that no state shall pass any law impairing the obligation of contracts. *Green* v. *Biddle*, 8 Wheat. 1, 84, 85; *Bronson* v. *Kinzie*, 1 How. 311; *McCracken* v. *Hayward*, 2 How. 608; *Planters' Bank* v. *Sharp*, 6 How. 301; *Howard* v. *Bugbee*, 24 How. 461; *Hawthorne* v. *Calef*, 2 Wall. 10; *Van Hoffman* v. *Quincy*, 4 Wall. 535; *White* v. *Hart*, 13 Wall. 646; *Walker* v. *Whitehead*, 16 Wall. 314; *Wilmington, &c., Railroad* v. *King*, 91 U. S. 3; *Louisiana* v. *New Orleans*, 102 U. S. 203; *Nelson* v. *St. Martin's Parish*, 111 U. S. 716; *Fisk* v. *Jefferson Police Jury*, 116 U. S. 131; *Seibert* v. *Lewis*, 122 U. S. 284.

*Judgment for the defendant.*

Smith, J., did not sit: the others concurred.