Rockingham, }
    June, 1895. }

HACKETT, *Assignee*, v. LEOMINSTER NATIONAL BANK & a.

A pledge of stock to secure previous indebtedness, made within three months of the beginning of insolvency proceedings, is void under P. S., c. 201, s. 26.

BILL IN EQUITY, by the assignee in insolvency of William H. Rollins, to recover ten shares of the capital stock of the National Mechanics' and Traders' Bank and one bond of the Portsmouth Company. Facts agreed. May 14, 1894, the Leominster National Bank, by its attorney, Samuel W. Emery, brought suit against Rollins on a note endorsed by him. To avoid attachment of his estate, Rollins and Emery entered into the following agreement: "Received of William H. Rollins, Esq., ten shares of the capital stock of the National Mechanics' and Traders' Bank of Portsmouth, N. H., and one bond, No. 98, of Portsmouth Co. of South Berwick, Me., the same to be retained and held under the following agreement: I hold a negotiable promissory note signed by said Portsmouth Co. dated So. Berwick, Me., Dec. 30, 1893, for twelve hundred fifty dollars, payable to the order of William H. Rollins in four months, and endorsed by said Rollins and Nahum Harwood : Now said Rollins is desirous of obtaining time upon said note and has deposited the stock and bond abovesaid with Samuel W. Emery, attorney for Leominster Nat'l Bank of Leominster, Mass., as collateral to secure the payment of said note, which may be sued and judgment had at the October term of the supreme court, A. D. 1894, for Rockingham county; now if upon execution issuing at said October term said Rollins shall within five days pay said note with interest, costs, and notary's charges, then the above stock and bond are to be delivered to him, but if he does not so pay, the same are to be sold at pledgee's sale at once." Under this agreement, Rollins delivered to Emery the stock and the bond named therein, which Emery now holds for the Leominster National Bank. On the date of the agreement Rollins was insolvent.

August 13, 1894, Rollins filed his petition in insolvency; and subsequently the plaintiff was appointed his assignee. Any exception to the form of the proceedings is waived.

*John S. H. Frink*, for the plaintiff.

*Samuel W. Emery*, for the defendants.

WALLACE, J. "All payments, pledges, mortgages, convey-ances, sales, and transfers made within that time [three months] the effect of which if held valid would be to diminish the prop-erty available to the creditors . . . which were made to satisfy or secure a previously existing debt . . . shall be void." P. S., c. 201, s. 26. The statute, in its design to prevent preference and to compel an equal distribution of the debtor's assets among his creditors, forbids his satisfying or securing a previously exist-ing debt within three months of the beginning of the insolvency proceedings. This transaction was a pledge by Rollins of the bank stock and bond to secure his indebtedness to the Leomin-ster National Bank. If held valid, it will diminish the property available to the creditors of his insolvent estate. The pledge being made less than three months before the beginning of the insolvency proceedings, to secure a previously existing debt, is void by the express terms of the statute. *Leavitt* v. *Lovering*, 64 N. H. 607.

*Decree for the plaintiff.*

All concurred.