BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 6 OF TOWN OF CORTLANDT v. BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 7 OF TOWN OF CORTLANDT.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. SCHOOL DISTRICTS—CHANGE OF BOUNDARY—CONSTITUTIONAL LAW.
   The legislature being empowered by Const. art. 8, § 1, to create municipal corporations and to alter and repeal them, Laws 1898, c. 576, taking territory from one school district and including it in another, violates no obligation of contract so far as concerns the district from which it is taken.

2. SAME—SPECIAL LEGISLATION.
   A school district is a municipal corporation, within Const. art. 8, § 1, excepting such corporations from the prohibition against creating corporations by special act.

3. SAME—MAINTAINING ACTION.
   Const. art. 8, § 3, providing that all corporations shall have the right to sue in like cases as natural persons, is to be read with Code Civ. Proc. § 449, authorizing one to sue only where he has a real interest; and, having no power to protect taxpayers or creditors, a school district cannot maintain an action attacking an act taking territory from it, and including it in another district, on the ground that it will increase the taxes of the remaining taxpayers, and impair the security of creditors.

Appeal from special term, Westchester county.

Action by the board of education of union free school district No. 6 of the town of Cortlandt, county of Westchester, against the board of education of union free school district No. 7, of the same town and county. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Theo. H. Silkman, for appellant.
Elbert P. James, for respondent.

¶ 1. See Constitutional Law, vol. 10, Cent. Dig. § 334.

WOODWARD, J.   The board of education of union free school district No. 6 of the town of Cortlandt, Westchester county (hereinafter referred to as district No. 6), brings this action against the board of education of union free school district No. 7 of the town of Cortlandt, Westchester county (hereinafter referred to as district No. 7), for the purpose of having chapter 576 of the Laws of 1898 declared unconstitutional and void, and incidentally to collect from the latter district the sum of $3,000 in damages by reason of the operation of said statute.   The act in question is entitled "An act to locate and establish the boundaries of union free school district number seven in the town of Cortlandt," and it authorizes the school commissioner of the Third commissioner district of the county of Westchester to establish the boundaries of union free school district No. 7, in the town of Cortlandt, so as to include in such school district all that part of the village of Peekskill situate on the south side of McGregory brook, and more fully described as follows: (Here follows detailed description, not material to the question here presented.)   It is then provided that "all the territory included within the boundaries as described in section one of this act shall be known as union free school district number seven in the town of Cortlandt, and the lands included within said bounds, and the taxable inhabitants and the corporations residing and being therein, shall be subject pro rata of assessed valuation to taxation for all school purposes in said district, including the current expenses and all bonded indebtedness now resting upon the said district as its boundaries existed prior to the passage of this act."   This act, upon its face, appears to be merely an exercise of that legislative power vested by the constitution in the senate and assembly (article 3, § 1); and the power to create municipal corporations, and to alter and repeal the same, being especially intrusted to the legislature by the provisions of section 1 of article 8 of the state constitution, it would seem to follow, in the absence of other provisions or arrangements in the constitution in conflict therewith, that the matter rested in the discretion of the legislature, and was not open to review in this court (People v. Westchester County Sup'rs, 147 N. Y. 1, 15, 41 N. E. 563, 30 L. R. A. 74).

It seems, however, that the legislature in reforming the boundaries of district No. 7 has taken a portion of the territory which formerly belonged to district No. 6, and it is alleged on the part of the latter district that there were outstanding certain obligations of the said district No. 6, which were based upon the district as it was before the enactment of this legislation, and that the act in question violated the obligation of the contract by taking from district No. 6 a portion of its territory and annexing the same to district No. 7, thus making the taxable share of the inhabitants of district No. 6 larger than would otherwise be necessary to pay such outstanding obligations. This ingenious theory, put forward by district No. 6, has received the sanction of the learned court at special term, and it becomes necessary to consider the question.

It should be remembered that the plaintiff in this action is not a taxpayer or a creditor of district No. 6.   It is the district itself, acting through its board of education, and it undertakes to question

the power of the legislature of this state to enact a law which changes the boundaries of a municipal corporation simply because it operates to take territory from an existing municipal corporation. The act of the legislature is presumptively valid, because it is an act of legislation within the ordinary scope of legislative power, and for the further reason that the presumption of constitutionality attaches to every statute enacted by the legislature. People v. Westchester County Sup'rs, supra.

These presumptions are materially strengthened in the matter now before us from the fact that it is provided by the constitution that "corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes, and in cases where, in the judgment of the legislature, the objects of the corporation cannot be attained under general laws," and that "all general laws and special acts passed pursuant to this section may be altered from time to time or repealed." Section 1, art. 8, Const. It will be seen that municipal corporations are especially excepted from the directory limitations of this provision of the constitution, and there can be no doubt that a school district is a municipal corporation coming within this exception. Section 3, Gen. Corp. Law.

In this state the general rule of corporate limitations has been enacted into statute law, and it is now provided that "no corporation shall possess or exercise any corporate powers not given by law, or not necessary to the powers so given" (section 10, Gen. Corp. Law), and a careful examination of the statutes does not disclose to us any power on the part of school districts to act as the guardians of the taxpayers or creditors of their respective districts. Unless it can be shown that district No. 6 has been given some such power, we are unable to discover any justification for its appearance as a plaintiff in the present action, for the rule is fundamental that a constitutional question can only be raised by one who has a legal right or interest involved (Manufacturing Co. v. Shanahan, 128 N. Y. 345, 362, 28 N. E. 358, 14 L. R. A. 481; Town of Pierrepont v. Loveless, 72 N. Y. 211, 216).

It is not pretended that district No. 7 has taken any of the property vested in district No. 6 by virtue of the consolidated school law. The theory of the action appears to be that district No. 6, by reason of the bonds which had been issued pursuant to a vote of the inhabitants of the district as it was, had in some manner assumed a contractual relation with the state which could not be changed by legislation, and it is urged that the act of 1898 is null and void because it violates the obligation of a contract. A legislative grant to a corporation of special privileges, if not forbidden by the constitution, may be a contract; but, where one of the conditions of the grant is that the legislature may alter or revoke it, a law altering or revoking, or which has the effect to alter or revoke, the exclusive character of such privileges, cannot be regarded as one impairing the obligation of the contract, whatever may be the motive of the legislature, or however harshly such legislation may operate, in the particular case, upon the corporation or parties affected by it. The corporation, by accepting the grant subject to the legislative power so reserved by

the constitution, must be held to have assented to such reservation. Hamilton Gaslight & Coke Co. v. City of Hamilton, 146 U. S. 258, 270, 13 Sup. Ct. 90, 36 L. Ed. 963. Such an act may be amended; that is, it may be changed by additions to its terms or by qualifications of the same. It may be altered by the same power, and it may be repealed. What is it that may be repealed? It is the act of incorporation. It is this organic law on which the corporate existence of the school district depends which may be repealed, so that it shall cease to be a law, or the legislature may adopt the milder course of amending the law in matters which need amendment, or altering it when it needs substantial change. All this may be done at the pleasure of the legislature. That body need give no reason for its action in the matter. The validity of such action does not depend on the necessity for it, or on the soundness of the reasons which prompted it. Greenwood v. Railroad Co., 105 U. S. 13, 17, 26 L. Ed. 961. The legislature, in the exercise of its powers, might have merged district No. 6 in district No. 7, or it might have abolished the district entirely, saving the rights of creditors, and there would be no power on the part of the board of education of district No. 6 to interfere, because the constitution has specially reserved to the legislature the power to alter or abolish the corporations of its creation. These union free school districts are organized for special and limited purposes, and, while the constitution provides in section 3 of article 8 that "all corporations shall have the right to sue and shall be subject to be sued in like cases as natural persons," it is not to be understood that they shall have the general power to sue in all kinds of actions, but only in those which relate to their corporate rights, just as the citizen is confined to actions in which he has a real interest. Section 449, Code Civ. Proc.

District No. 6 has no corporate right in the limits of its territory; its powers are confined to the maintenance of school privileges within the territory assigned to it by the legislative power of the state, and it can have no standing in the courts of this state except for the purpose of protecting and maintaining its corporate powers and in carrying out the objects for which it was created. A contract is described by Mr. Chief Justice Marshall as "an agreement in which a party undertakes to do or not to do a particular thing," and he adds: "The law binds him to perform his undertaking, and this is, of course, the obligation of his contract." Sturges v. Crowninshield, 4 Wheat. 197, 4 L. Ed. 529. District No. 6 and the state legislature never entered into any agreement which could be called a contract in reference to the territory which it should embrace. A certain territory and its inhabitants was created into a body corporate for the purpose of affording school facilities, and if the legislature subsequently reached the conclusion that the purposes of the corporation could be better performed by reducing the district, or if it was, in the judgment of the legislature, wise to take a portion of the territory of this district and add it to another, it violated no contract of the state with the municipality. It still retained all of its corporate powers; it was still vested with the powers necessary to maintain the schools of its district; and it still retained title to all of the property which belonged

to the district in its corporate capacity, so that no possible interest of the corporation is involved in this litigation.. By the "obligation of a contract" is meant the means which, at the time of its creation, the law affords for its enforcement. The usual mode by which municipal bodies obtain the funds to meet their pecuniary engagements is taxation. Accordingly, when a contract is made upon the faith that taxes will be levied, legislation repealing or modifying the taxing power of the corporation, so as to deprive the holder of the contract of all adequate and efficacious remedy, is within the constitutional inhibition. Nelson v. Police Jury, 111 U. S. 716, 721, 4 Sup. Ct. 648, 28 L. Ed. 574. But the holders of the contracts of district No. 6 are not here complaining. No one suggests that the district as it now stands is not abundantly able to meet all of its obligations, but it is urged by the respondent that the taxpayers of district No. 6, by reason of this change in district boundaries, will be obliged to pay more than they otherwise would of the indebtedness of the district; but how this affects the corporate rights of district No. 6, or what interest it has in the individual affairs of the people who make up the corporation, does not appear. We are forced to conclude, therefore, that district No. 6 is not a real party in interest, and that it has no power to question the constitutionality of the act of the legislature here under consideration.

The suggestion of the respondent that district No. 6 has some standing under the provisions of section 1926, Code Civ. Proc., is without merit. That section merely gives certain designated officers, among them trustees of school districts, authority to maintain certain actions; and section 1928 provides:

"The last two sections do not apply to a case where it is specially prescribed by law, that an action may be maintained, by or against the body, represented by an officer designated in those sections; but, in such a case, the prosecution or defense of the action, as the case may be, must be conducted by the persons then in office, who represent that body."

There is no authority in section 1926 for an action by a board of education to protect the rights of taxpayers or creditors of a particular territory involved in a municipal corporation.

Equally untenable is the suggestion that district No. 6 is denied any of the rights or privileges guarantied by the first section of article 1 of the state constitution. That majestic declaration in behalf of individual rights provides that "no member of this state shall be disfranchised or deprived of any of the rights or privileges secured to any citizen thereof, unless by the law of the land or the judgment of his peers." We have already shown that the right or privilege of maintaining an action in the courts of this state depended upon having a real interest in the controversy, and that the plaintiff in this action had no such interest. It is difficult, therefore, to understand what right of the plaintiff will be denied by sustaining the demurrer of the defendant to the complaint. It has no real interest in any question proposed to be litigated; it has all of its corporate rights intact, though it was within the power of the legislature to abridge or abolish them utterly; and it appears in this litigation as a mere volunteer, to raise questions which are not open to any person or

corporation other than a taxpayer or a creditor of the district, if at all.

The interlocutory judgment appealed from should be reversed, and the demurrer of the defendant sustained.

Interlocutory judgment reversed, and demurrer sustained, with costs.   All concur.