Chicago Great Western Railroad Company, Appellant, v. The State of New York, Respondent.

Third Department, July 7, 1921.

**Taxation — stock transfer tax — voting trust agreement entered into in 1909 — transfer of stock thereunder after amendment of Tax Law, § 270, in 1911 is taxable — constitutional law — taxation under said amendment does not involve obligation of contract.**

Corporate stock, held by trustees under a voting trust agreement executed in 1909 for a period ending in 1914, by the terms of which the trustees were to redeliver the stock to the holders of trustee certificates upon the termination of the contract, is, on the redelivery of the stock, subject to a transfer tax under section 270 of the Tax Law, as amended in 1911, and subsequently re-enacted.

Said statute as amended and as construed to apply to contracts entered into theretofore, does not violate the obligations of contracts within the meaning of the inhibition of the United States Constitution.

Appeal by the claimant, Chicago Great Western Railroad Company, from a judgment of the Court of Claims in favor of the defendant, entered in the office of the clerk of said court on the 7th day of April, 1920, dismissing the claim on its merits.

*Stetson, Jennings & Russell* [*George H. Gardiner, William C. Cannon* and *Theodore Kiendl, Jr.*, of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*Edward G. Griffin, Deputy Attorney-General*, and *George I. Sleicher*, of counsel], for the respondent.

Woodward, J.:

The claimant is the successor of the Chicago Great Western Railway Company. In the course of the reorganization, which took place in 1909, a voting trust agreement was entered into for a period ending in 1914, and by the terms of this contract the trustees were to redeliver the stock to the holders of trustee certificates upon the termination of the contract period. When this voting trust was created it is conceded there was no provision of law which called for the payment of a tax upon the transfer of the legal title to the owner of the beneficial right; but in 1911 the Legislature amended section 270 of the Tax Law, and it has been held that this amendment operated to tax a transfer such as was involved in the matter now before us (Tax Law, § 270, added by Laws of 1910, chap. 38, as amd. by Laws of 1911, chap. 352; Laws of 1912, chap. 292, and Laws of 1913, chap. 779; *Bonbright & Co.* v. *State of New York*, 165 App. Div. 640), and it is not questioned that this rule would prevail in reference to any contract made subsequent to the enactment of the amendment. It is urged, however, on this appeal, from an adverse decision of the Court of Claims, that the statute should be construed as prospective in its operation, and not involving the case of an agreement such as was entered into in 1909, upon the theory that otherwise the same would involve the obligation of the contract. (See U. S. Const. art. 1, § 10, subd. 1.) The Court of Claims has refused judgment restoring to the appellant the amount of certain stamps used in transferring the certificates of stock to the original owners, and the claimant appeals to this court.

There is no doubt that at the time these stamps were used the statute in terms required them to be used and canceled in the transfer of the stock. In other words, the Legislature

had, by an amendment, brought within the scope of an excise tax (*People ex rel. Hatch* v. *Reardon*, 184 N. Y. 431) a transfer of stocks which up to that time had not been subject to taxation, and the claimant urges that this operates as a violation of the obligation of the contract between the owners of the stock and the trustees of the voting trust, who have paid the stamp taxes and been reimbursed, under the terms of the contract, for the necessary expenditures. We apprehend that this is a mistaken view of the constitutional provision suggested. " By the obligation of a contract," say the court in *Nelson* v. *St. Martin's Parish* (111 U. S. 716, 720), " is meant the means which, at the time of its creation, the law affords for its enforcement;" it is "'the law which binds the parties to perform their agreement.'" (*Bedford* v. *Eastern Building & Loan Assn.*, 181 U. S. 227, 241.) There was no contract on the part of the State that it would not levy a tax upon the transfer of this stock; there was no law entering into the contract between the parties to the voting trust that the tax laws should remain as they were at that time. The levying of an excise tax upon a privilege afforded by the State of New York to its corporations, or those transacting business within the State, did not in any manner interfere with the carrying out of the contract between the owners of the original stock and the voting trustees. This contract has been performed. The claimant agreed to pay any legitimate expenses involved in the transaction, and these taxes have been paid primarily by the trustees in fulfilling their contract, and ultimately by the claimant. Everything has been done and performed, and the claimant is now seeking to recover a sum of money paid out under the letter and the spirit of the statute as amended in 1911 and since re-enacted and in force when the transfer herein was made.

The judgment appealed from should be affirmed.

Judgment unanimously affirmed, with costs.