THACKER B. HOWARD, PLAINTIFF IN ERROR, *v.* FRANCIS BUGBEE.

A statute of the State of Alabama, authorizing a redemption of mortgaged property in two years after the sale under a decree, by *bona fide* creditors of the mortgagor, is unconstitutional and void as to sales made under mortgages executed prior to the date of its enactment, as impairing the obligation of the contract.

This question was decided by this court in the case of Bronson *v.* Kinzie, 1 Howard, 311, and the decision has been since repeatedly affirmed.

THIS case was brought up from the Supreme Court of the State of Alabama, by a writ of error issued under the twenty-fifth section of the Judiciary act.

The case is stated in the opinion of the court.

It was argued by *Mr. Phillips* for the plaintiff in error, and

submitted on a printed argument by *Mr. Clay* for the defend-
ant.

*Mr. Phillips* stated the case, and then proceeded with his ar-
gument.

The statute under consideration is in all respects like that
which in Bronson *v.* Kinzie was held to be unconstitutional
There the question was, whether the mortgagee was not en-
titled to an absolute sale, regardless of the statute. Here the
question is, whether the purchaser, under such a sale, can be
deprived of his right to the fee simple by virtue of the redemp-
tion provided by the statute. As the purchaser under a fore-
closure suit is vested with all the rights of the mortgagee, the
question as to the validity of the statute must be the same,
whether applied to the one or the other.

The case of Grantley *v.* Ewing, 3 Howard, 716, in which the
statute was determined to be unconstitutional, was, as in this,
a contest with the purchaser, and only differs from it in the
fact that the obnoxious statute was passed after the decree, but
before the sale, while in this case it was passed before the
decree.

An unconstitutional statute is no more obligatory on State
than on Federal tribunals. It is absolutely void to all intents
and purposes. It cannot, therefore, be said that such a statute
controlled the decree and the purchase made under it. The
purchaser was vested, by the register's deed, with full and ab-
solute property, and cannot be divested by the terms of a stat-
ute which the State had not constitutional authority to enact.

The opinion of the Supreme Court of Alabama in this case
is founded upon their previous decision in Iverson *v.* Shorter,
and very frankly and naively admits that "the decision in
Iverson *v.* Shorter is a plain departure from the principle upon
which the Supreme Court of the United States asserted in
Bronson *v.* Kinzie the unconstitutionality of the statute of
Illinois."

It would seem, therefore, to be confessed by the State court,
that if this court adhere to its decision in Bronson *v.* Kinzie,
their own judgment in this case must be reversed.

*Howard* v. *Bugbee.*

See, also, McCracken *v.* Haywood, 2 Howard, 612.

*Mr. Clay* contended that the statute of Alabama did not impair the obligation of a contract, for the following reasons:

The distinction between rights and remedies, between those statutes which confer a right, and those which furnish a remedy for the enforcement of that right, is so marked that under ordinary circumstances I would not deem it necessary to offer any remarks upon it. The one inheres in and follows the contract wherever it may go. The other is dependent on the local legislation of the place where the parties seek to enforce the right. This distinction is taken in the following cases:

The People *v.* Tibbetts, 4 Cow., 384.
Baughn *v.* Nelson, 9 Gill, 299.
United States Bank *v* Longworth, 1 McL., 35.
Pratt *v.* Jones, 25 Verm., 303.
Searcy *v.* Stubbs, 12 Geo., 437.
Paschal *v.* Perez, 7 Texas, 348.
Hope *v.* Johnson, 2 Yerg., 125.
Maltby *v.* Cooper, 1 Morris, 59.
West *v.* Creditors, 1 La. Ann. Rep., 365.
Newton *v.* Tibbets, 2 Eng. (Ark.,) 150.
Rockwell *v.* Hubbell, 2 Doug., 197.

It is also well drawn in the able dissenting opinion of Justice McLean, in the case of Bronson *v.* Kinzie, 1 How. U. S., 311, 322. See, also, the cases cited in the opinion of Ch. J. Walker, of the Alabama Supreme Court.

The statute of 1842 takes away no right. It leaves the debt unimpaired, leaves the debtor's property subject to the debt, and only modifies the form of enforcing the decree. It does not take away all substantial remedy, which, it is conceded, would impair the obligation of the contract. It simply enlarges the time, at the completion of which the purchaser at the mortgage sale will acquire an indefeasible title. It does not weaken the binding efficacy of the mortgage, nor does it impair the mortgagee's lien. It but changes the remedy for the enforcement of the lien.

Mr. Justice NELSON delivered the opinion of the court.

This is a writ of error to the Supreme Court of the State of Alabama.

The case was this:

Enoch Parsons executed a mortgage of the premises in controversy, on the 9th December, 1836, to Sarah Tait, to secure the payment of $13,246.66. The last instalment fell due in January, 1841. In March, 1846, proceedings were instituted in the court of chancery to foreclose the mortgage for default in payment; and in September, 1848, Howard, the appellant, became the purchaser of the premises, under the decree of foreclosure, and held a deed of the same duly executed by the proper officer.

In January, 1842, the Legislature of the State of Alabama passed an act authorizing a judgment creditor of the mortgagor, or of his estate, at any time within two years after the sale under a mortgage, to redeem the land from the purchase on paying the purchase money, with a certain per cent. interest, besides charges.

Bugbee, the appellee, and plaintiff in the court below, having recovered a judgment against the estate of Parsons in 1843, tendered within the two years the purchase money, interest, and charges, to Howard, and also a deed of the premises to be executed; all of which were refused. This bill was filed in the court of chancery in Alabama by Bugbee to compel Howard to receive the money in redemption of the sale and execute the deed.

The main ground of the defence in that suit was, that the mortgage from Parsons, under which the defendant derived title, having been executed before the passage of the act providing for the redemption, the act as respected this debt was inoperative and void, as impairing the obligation of the contract.

The court of chancery so held and dismissed the bill. But on appeal to the Supreme Court, that court reversed the decree below, and entered a decree for the complainant. The case is now here on a writ of error to the Supreme Court.

The only question involved in this case was decided in Bron-

son *v.* Kinzie, 1 How., 311. It was there held, after a very careful and extended examination by the court, through the Chief Justice, that the State law impaired the obligation of the mortgage contract, and was forbidden by the Constitution. This decision has since been repeatedly affirmed. 2 How., 612; 3 Ib., 716.

It is due to the judges of the court below to say that they felt bound by a decision of their predecessors, which they admitted to be in direct conflict with the case of Bronson *v.* Kinzie, and that the two decisions could not be reconciled.

We are entirely satisfied with the soundness of the decision in the above case, and wi.. the grounds and reasons upon which it is placed, and shall simply refer to them as governing the present case.

Decree below reversed. Case remitted with directions to enter decree for the plaintiff in error.