## DALLAS COUNTY LEVEE IMPROVEMENT DIST. NO. 6 et al. v. RUGEL.
### No. 1224—5590.

Commission of Appeals of Texas, Section B.
March 4, 1931.

K. R. Craig, H. B. Sanders, and George A. Titterington, all of Dallas, for plaintiffs in error.

H. B. Thomas, Jr., of Dallas, for defendant in error.

LEDDY, J.

Defendant in error, F. C. Rugel, who owned certain lands, situated in the Dallas county levee improvement district No. 6, became delinquent in the payment of certain taxes levied by said district to secure the payment of outstanding bonds which were issued in 1918. Suit was brought by the district, in which the bondholders intervened as plaintiffs, and upon trial judgment was rendered against Rugel for the amount of the taxes, interest, and penalties, with a foreclosure of the tax lien, and the premises were ordered sold. At the sale, plaintiff in error Powell became the purchaser.

Writ of possession was duly issued, but, before the officer could execute the same, defendant in error, Rugel, applied for and obtained a temporary injunction, which was made permanent on final hearing, restraining the officer from executing the writ of possession and the purchaser, Powell, from taking possession of said lands prior to the expiration of two years from the date of his deed, and providing that at the end of two years writ of possession should be issued and Powell placed in possession of so much of said land as had not been redeemed by defendant in error, Rugel. This judgment was affirmed by the Court of Civil Appeals for the Fifth District. 20 S.W.(2d) 148.

Defendant in error seeks to sustain the judgment rendered by the trial court by applying the provisions of an act passed by the Fortieth Legislature, at the First Called Session, c. 69, now embodied in our statutes as article 7284a (Vernon's Ann. Civ. St. art. 7284a), which authorizes the owner of land against which a foreclosure has been had for taxes due a levee district to redeem the same at any time within two years from the date of the sale upon payment of double the amount paid by the purchaser at foreclosure sale, and further providing that the purchaser at such sale, or his assignee, should not be entitled to the possession of the property sold for taxes until the expiration of two years from the date of sale.

Plaintiffs in error insist that the Legislature was without power to apply the provisions of the above statute to a sale under a judgment for taxes levied to secure the payment of bonds issued by the levee district prior to the passage of the act, as the same would impair the obligation of the contract between such district and its bondholders, in contravention of the provisions of both State and Federal Constitutions.

Defendant in error maintains that the act in question does not impair the obligation of any contract, but merely changes the remedy afforded the bondholders, and therefore does not run counter to said constitutional provisions.

Any impairment of the obligation of a contract is within the prohibition of the Constitution; the degree of impairment being immaterial. Walker v. Whitehead, 16 Wall. 314, 21 L. Ed. 357.

By the obligation of a contract is meant the means, which at the time of its creation the law afforded for its enforcement. Louisiana v. St. Martin's Parish, 111 U. S. 716, 4 S. Ct. 648, 28 L. Ed. 574; Von Hoffman v. Quincy, 4 Wall. 535, 18 L. Ed. 403.

"While it is undoubted," says Ruling Case Law (volume 6, § 321), "that the legislature may make changes in the remedy, it is necessary that the contract should be left with the same force and effect, including the substantial means of enforcement, which existed when it was made."

By the same authority the doctrine is announced that the most certain test of impairment is that the value of the contract has been diminished. Volume 6, § 320.

If article 7284a, which was enacted subsequent to the issuance and sale of the levee district's bonds, did no more than change the remedy upon the contract, without materially affecting the rights of the bondholders, it would, of course, be subject to no constitutional objection. Bronson v. Kinzie, 1 How. 311, 11 L. Ed. 143.

But it is obvious that the act in question does more than merely change the form of the remedy afforded the bondholders for the collection of the indebtedness which the levee district obligated itself to pay. It was the legal right of the bondholders, under their contract with the district, and the laws in force at the time the bonds were issued, in case of default in the payment of any taxes levied by the district against lands situated therein, to secure the payment of such bonds, to obtain a judgment of foreclosure of the tax lien, under which the property would be sold, and there would be conveyed to the purchaser a title free from any right of redemption by the owner. The law affording this remedy entered into and became a part of the contract as effectively as if it had been so denominated in the bonds. The remedy

was annexed to the contract at the time it was made; hence any law impairing this substantial right impaired the obligation which the contract imposed. Green v. Biddle, 8 Wheat. 17, 5 L. Ed. 547; Bronson v. Kinzie, 1 How, 311, 319, 11 L. Ed. 143; McCracken v. Hayward, 43 U. S. (2 How.) 608, 614, 11 L. Ed. 397; Barnitz v. Beverly, 163 U. S. 121, 16 S. Ct. 1042, 41 L. Ed. 93; Luter v. Hunter, 30 Tex. 689, 98 Am. Dec. 494.

That the burden imposed by the act in question diminishes the value of the security given to the bondholders under their contract with the levee district is too plain to admit of any serious controversy. By the terms of the act the owner of land is given the valuable privilege of retaining possession of same for a period of two years after it has been sold under judgment of foreclosure, without being subject to the payment of any rent or liability for waste, while the purchaser is liable during this time for taxes accruing thereon. At the end of the redemption period the owner is not obligated to redeem, but may decline to exercise his option to do so. It would be paradoxical indeed to say that a valuable estate or right of possession may thus be carved out of land pledged to secure the payment of a debt, without material impairment of the rights of a creditor who, at the time of the execution of the contract creating the indebtedness held by him, enjoyed the privilege of a security which might be sold free from the burden of any such estate or right of possession.

The doctrine was announced by the Supreme Court of the United States at an early date (Bronson v. Kinzie, supra), and has since been steadily adhered to, that a state law, passed after the execution of a mortgage, which declared the equitable estate of the mortgagor should not be extinguished for twelve months, after sale under a decree in chancery, is within the Constitution of the United States, which prohibits a law impairing the obligation of contracts, and is void. In discussing this question, Chief Justice Taney, speaking for the court said: "It [the new act] declares that, although the mortgaged premises should be sold under the decree of the Court of Chancery, yet that the equitable estate of the mortgagor shall not be extinguished, but shall continue for twelve months after the sale. * * * If such rights may be added to the original contract by subsequent legislation, it would be difficult to say at what point they must stop. An equitable interest in the premises may, in like manner, be conferred upon others; and the right to redeem may be so prolonged, as to deprive the mortgagee of the benefit of his security, by rendering the property unsaleable for any thing like its value. * * * Any such modification of a contract by subsequent legislation, against the consent of one of the parties, unquestionably impairs its obligations, and is prohibited by the Constitution."

In Howard v. Bugbee, 24 How. 461, 16 L. Ed. 753, it was contended that a statute of Alabama, which authorized a redemption of mortgaged property within two years after sale under decree, did not impair the obligation of the contract, but only enlarged the time at the completion of which the purchaser at the mortgage sale would acquire an indefeasible title. The court, however, denied such contention, and held the cases of Bronson v. Kinzie, and McCracken v. Hayward, supra, as applicable to and decisive of the unconstitutionality of said act as applied to mortgages executed prior to its passage.

If the Legislature of this state has the power to apply a law to a sale under foreclosure by a bondholder whose obligation was created prior to its enactment, giving the owner of land situated in a levee district two years in which to redeem, no valid reason exists why it could not extend such privilege to four, six, or even ten years. It was so declared by the Supreme Court of the United States in McCracken v. Hayward, before cited, where the court had under consideration the power of a state Legislature to enact a law providing for an appraisement of lands against which a mortgage had been foreclosed and forbidding a sale unless it brought at least two-thirds of its appraised value. It was there determined that such a law was ineffectual and void as applied to a mortgagee whose mortgage was created prior to the passage of the act. In passing on the question, the court remarked: "The same power in a state legislature may be carried to any extent, if it exists at all; it may prohibit a sale for less than the whole appraised value, or for three-fourths, or nine-tenths, as well as for two-thirds, for if the power can be exercised to any extent, its exercise must be a matter of uncontrollable discretion, in passing laws relating to the remedy which are regardless of the effect on the right of the plaintiff."

In Hull v. State ex rel. Rollins, 29 Fla. 79, 11 So. 97, 16 L. R. A. 308, 30 Am. St. Rep. 95, the Supreme Court of Florida, in a well-considered opinion, after an elaborate review of the authorities, reached the conclusion that the rights of a purchaser at the sale of land for taxes, under a statute which provided that a purchaser or his assignee should have a conveyance of the land unless the same should be redeemed within one year next succeeding the sale, is a contract right, and a statute passed subsequent to such sale, which proposed to extend the period allowed by the former act for redemption, is a violation of the obligation of the contract and of no effect as to such purchas-

er or his assignee. Many cases are cited by the court as sustaining the doctrine announced, among which may be noted the following: Howard v. Bugbee, 24 How. 461, 16 L. Ed. 753; Barnitz v. Beverly, 163 U. S. 126, 16 S. Ct. 1042, 41 L. Ed. 99; Lehman v. Moore, 93 Ala. 189, 9 So. 590, 592; Oliver v. McClure, 28 Ark. 563; Fisher v. Green, 142 Ill. 94, 31 N. E. 172, 176.

There is no reasonable basis for any distinction between the rights of a bondholder and that of a mortgagee. In each case security is provided to insure the payment of a debt by means of a proceedure afforded by an existing law at the time the contract is made, which allows the creditor the privilege of a foreclosure under which the property may be sold free from any right of redemption by the owner. If the Legislature lacks authority to enact subsequent legislation adding the burden of redemption under a sale made for the benefit of a mortgagee, it is difficult to understand upon what theory it could possess the power to impose such burden under a sale made in behalf of a bondholder.

The levee improvement district having pledged to its bondholders the entire estate of its lands when sold under foreclosure for delinquent taxes, free from any right of redemption, one owning land in the district will not be permitted to avail himself of the benefit of subsequent legislation substituting a right to sell such lands subject to an estate or right of possession in the landowner or his assignee for two years. Barnitz v. Beverly, supra.

It was well within the power possessed by the Legislature to provide for the redemption of lands by owners, when the same should be sold for taxes due a levee district. In so far as the act is applicable to obligations issued subsequent to its passage, it is a valid measure. Any effort, however, to apply the provisions of the act to sales under foreclosure for taxes levied to secure the payment of bonds issued prior to the passage of the law is ineffectual, as it would impair the obligation of the contract made by the levee improvement district with those holding its bonds.

We recommend the judgments of the trial court and the Court of Civil Appeals be reversed, the injunction dissolved, and that judgment be here rendered in favor of plaintiffs in error.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for the plaintiffs in error, as recommended by the Commission of Appeals.