### GROSSMAN et al. v. HUDSPETH COUNTY CONSERVATION AND RECLAMATION DIST. NO. I et al.*
### No. 7543.

Circuit Court of Appeals, Fifth Circuit.
Jan. 21, 1935.

Ed M. Whitaker and Robert E. Cunningham, both of El Paso, Tex., for appellants.

Frank B. Clayton and Theodore Joseph, both of El Paso, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Grossman, Campbell, and Handyside, being holders of notes secured by a mortgage on the land in controversy, brought a bill to redeem the land from a tax sale and to quiet the title against the claims of Cooke, who has bought and possesses the land, and against the claims of Dawson, who also asserts a prior right to redeem as the transferee of the defaulting taxpayer. After trial and findings of fact, the court decreed in favor of Cooke, and the original complainants appeal; Dawson also making a separate appeal.

The facts found, interwoven with legal occurrences which the court judicially notices, are these: Hudspeth County Conservation and Reclamation District issued $700,000 of bonds August 1, 1924, of which $660,000 are still outstanding, and taxes were then levied as required by Texas law to pay interest and raise a sinking fund for their retirement. At that time there was no provision of law for redeeming lands sold under judicial foreclosure for such taxes, but the purchaser got a final title with present right of possession. Alamo Land & Sugar Co. v. Hidalgo County Water Improvement District (Tex. Civ. App.) 276 S. W. 949. In 1927 a law was passed which provided that whenever land is sold for taxes levied by such a district "the owner of such property, or any one having an interest therein, shall have the right to redeem the same at any time within two years from the date of such sale upon payment of double the amount paid by the purchaser at such sale; provided, that the purchaser at such foreclosure sale, and his assigns, shall not be entitled to the possession of the property sold for taxes until the expiration of two years from the date of such sale." Vernon's Ann. Civ. St. Tex.

art. 7284a. On December 20, 1929, one Wood, the owner of land in the reclamation district, made to Border Mortgage Company a deed of trust duly recorded conveying it to secure a series of notes, some of which were transferred in 1930 and 1931 to Grossman, Campbell, and Handyside, but nothing was put of record to disclose their interest. On September 16, 1931, the reclamation district brought suit to foreclose taxes levied to pay said bonds and due by Wood, and to sell the land, making Border Mortgage Company a party, judgment was gotten and sale had December 6, 1932. Meanwhile on March 4, 1931, in the case of Dallas County Levee Improvement District v. Rugel, 36 S.W.(2d) 188, 191, the Supreme Court of Texas had held that article 7284a, above quoted, was in conflict with both the State and Federal Constitutions as to foreclosure sales for taxes to pay bonds outstanding at the date of its passage, inasmuch as the obligation of the bondholders' contracts was substantially impaired by it. The court held: "In so far as the act is applicable to obligations issued subsequent to its passage, it is a valid measure. Any effort, however, to apply the provisions of the act to sales under foreclosure for taxes levied to secure the payment of bonds issued prior to the passage of the law is ineffectual, as it would impair the obligation of the contract made by the levee improvement district with those holding its bonds." At the sale Wood's land was bid in by Hudspeth County Conservation and Reclamation District for $1,000, and on December 14, 1932, deed was made and recorded. On February 1, 1933, the district sold the land in fee simple with warranty to Cooke, who gave $3,555 for it, part cash and part in notes, and who took possession and has since occupied it. Wood made no attempt to redeem, but on September 7, 1933, conveyed all his rights to Dawson. The bill to redeem was filed March 21, 1934. Dawson, in right of Wood, claims the first right to redeem within two years under the statute. Grossman and his associates claim also to be entitled to redeem as interested persons. Cooke, the purchaser from the district, asserts that the redemption statute is inapplicable to this tax sale since it occurred under tax levies to pay bonds in existence when the statute was passed and that his title is absolute. The redeemers reply that while that might be true as to all purchasers save the district, it and all other public bodies are subject to the will of the Legislature, which

can impose such qualifications and burdens on the title to property held by them as it deems proper, and that Cooke took title subject to the infirmities inherent in it as held by the district.

In the case of Dallas County Levee Imp. Dist. v. Rugel, 36 S.W.(2d) 188, upon most cogent reasoning the Supreme Court of Texas held the redemption statute to be an impairment of the obligation of the contract of bondholders who took the bonds before the passage of the act. Such bondholders have a right to sell the property liable for taxes with a right of immediate and final possession, free of any claim of redemption. Ordinarily the property would attract more bidders and fetch a better price thus sold. The act, having been by the Supreme Court of Texas solemnly adjudged unconstitutional in its application to tax sales made to pay antecedent bonds, is wholly without effect as to such sales. Norton v. Shelby County, 118 U. S. 425, 6 S. Ct. 1121, 30 L. Ed. 178; Ex parte Bockhorn, 62 Tex. Cr. R. 651, 138 S. W. 706. The property of Wood was therefore offered for sale, not under the provisions of the new law, but of the law as it stood in 1924 when these bonds were issued and when the taxes were pledged to pay them. Under that law the district became a bidder on the same terms as other bidders, and when it paid its money and took a deed its title was just what any other bidder would have gotten. The district so understood it, for it resold to Cooke at a profit and deeded in fee simple with warranty. Cooke so understood, for he paid more than the $2,000 which would be all he could claim on a redemption; and he took possession at once, which is inconsistent with the redemption statute, Wood apparently acquiescing. It may be that the Legislature could have passed a statute requiring all districts or other public bodies or the state itself to suffer redemption of all property bought in by them for taxes, and might so require by a statute passed after the sales and after the acquisition of title. League v. State of Texas, 93 Tex. 553, 57 S. W. 34; Id., 184 U. S. 156, 22 S. Ct. 475, 46 L. Ed. 478; Lewis v. Tipton, 29 N. M. 269, 222 P. 661; Grieb v. National Bank of Kentucky's Receiver, 252 Ky. 753, 68 S.W.(2d) 21; Tippecanoe County v. Lucas, 93 U. S. 108, 23 L. Ed. 822; Essex Public Road Board v. Skinkle, 140 U. S. 334, 11 S. Ct. 790, 35 L. Ed. 446. It may be a very sound policy thus to discourage such public bodies from permanently holding tax-

able property, and to enable the defaulting taxpayer or other citizen to take over the property on such terms as to the Legislature may seem proper. State of Florida v. Butts, 111 Fla. 630, 149 So. 746, 89 A. L. R. 946. But the Legislature of Texas has not made such a statute. It has not considered and determined a policy to be applied to districts as purchasers. It has merely passed a most comprehensive statute for the relief of defaulting taxpayers, and attempted to give them as against all purchasers at tax sales a right to retain possession for two years and to redeem within that time by paying twice the bid at the sale. This effort wholly fails as to taxes levied to pay antecedent bonds. As to them the law is void. We cannot construct a provision to be applied to districts as purchasers, different from other purchasers. To do so would be to legislate on a narrow ground never dealt with by the Legislature. Howard v. Illinois Central R. Co., 207 U. S. 463, 28 S. Ct. 141, 52 L. Ed. 297; Illinois Central R. Co. v. McKendree, 203 U. S. 514, 27 S. Ct. 153, 51 L. Ed. 298; United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040. Until the Legislature speaks more definitely the statute is of no effect as to bond issues made before the act and the tax levies to pay them. Cooke's title is absolute.

Judgment affirmed.