[Civ. No. 9711.   Second Appellate District, Division Two.—February 27, 1935.]

MANERVA D. BENNETT, as Executrix, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

T. Frank Courtney for Petitioner.

Farrand & Slosson and Loren A. Butts for Respondents.

STEPHENS, P. J.—Petitioner seeks a writ of mandate requiring respondent court to appoint an appraiser of certain real property under section 580a of the Code of Civil Procedure (Stats. 1933, p. 1669), in case number 361,348, entitled *Security First National Bank* v. *Bennett,* on file in said court, which is a suit to recover a deficiency judgment against the estate of which petitioner is executrix, following sale of such real property under a trust deed. The sale was made before the effective date of the section cited. Plaintiff bank after selling the property brought suit to recover deficiency judgment and respondent court declined to appoint an appraiser under the provisions of the code section cited, before proceeding with trial of the case.

The statute undertakes to limit the recovery against the judgment debtor in such a case to the difference between the entire amount of the indebtedness and the fair market value at the time of sale, as determined by the court from evidence including a report by an inheritance tax appraiser appointed ten days before trial to make such appraisal, rather than to permit recovery by the creditor of the difference between the entire amount of the indebtedness and the actual sale price.

The substantive right of the beneficiary under the trust deed to be repaid the entire amount of the indebtedness had accrued before the section cited became effective, and the regulation which it contemplates could not be construed as having entered into the dealings between the parties when the contract was made. The operation of the statute in the circumstances is far more than procedural.

The statute attempts to so affect the contract that only a portion of the indebtedness may be recovered notwithstanding the borrower of the money may well be able to pay in full. This certainly impairs the obligation of contracts. (Art. I, sec. 16, Const. of California; art. I, sec. 10, Const. of United States.)

The petitioner is not assisted by the doctrine so ably expounded in *Home Building & Loan Assn.* v. *Blaisdell,* 290 U. S. 398 [54 Sup. Ct. 231, 78 L. Ed. 413, 88 A. L. R. 1481], wherein the payment was deferred and not nullified. The

following quotation from *Worthen* v. *Thomas,* 292 U. S. 426 [54 Sup. Ct. 816, 78 L. Ed. 1344, 93 A. L. R. 173], decided since the Blaisdell case, more nearly applies to the instant situation: " . . . this essential reserved power of the state (the police power) must be construed in harmony with the fair intent of the constitutional limitation, and that this principle precluded a construction which would permit the state to adopt as its policy the repudiation of debts or the destruction of contracts or the denial of means to enforce them." (See, also, *Bronson* v. *Kinzie,* 1 How. 311 [11 L. Ed. 143] ; *McCracken* v. *Hayward,* 2 How. 608 [11 .L. Ed. 397] ; *Howard* v. *Bugbee,* 24 How. 461 [16 L. Ed. 753].)

The writ is denied.

Crail, J., and Scott, J., *pro tem.,* concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1935.