## DWYER et al. v. HUDSPETH COUNTY CONSERVATION AND RECLAMATION DIST. NO. I et al.

### No. 3182.

Court of Civil Appeals of Texas. El Paso.
May 2, 1935.

Rehearing Denied May 16, 1935.

R. E. Cunningham and Whitaker & Peticolas, all of El Paso, for plaintiffs in error.

R. F. Burges, W. S. Howe, and Frank B. Clayton, all of El Paso, for defendants in error.

PELPHREY, Chief Justice.

On September 16, 1931, defendant in error Hudspeth County Conservation and Reclamation District No. 1 brought suit against I. E. Elder and wife, Gertrude Elder, to collect certain taxes alleged to be due and owing by them on certain property owned by them in said district.

Pete Louis, Border Mortgage Company, a corporation, Jennie Z. Atkin, and her husband, Max Atkin, H. Dale, and Jack Coleman, were made parties defendant also, and foreclosure of an assessment lien was prayed for against all parties.

Judgment in favor of the district for $3,711.98, in favor of Jennie Z. Atkin for $2,489.90, and in favor of H. Dale for $3,902.76 resulted, and the liens were ordered foreclosed and the property sold; the proceeds of such sale to go to the District, then to Mrs. Atkin and Dale.

An appeal by writ of error was perfected to this court [Elder v. Hudspeth County Conservation and Reclamation Dist., 64 S. W.(2d) 981], where the district's judgment against Elder and wife, Pete Louis, H. Dale, and the Border Mortgage Company was affirmed, but the district's judgment against Coleman, Mrs. Atkin's judgment against Coleman, Mrs. Atkin's personal judgment against Mrs. Elder, and Mrs. Atkin's judgment foreclosing the vendor's lien on the land were reversed and remanded. After the judgment in the district court and before the suing out of the writ of error to this court, the land in question was sold under the order of sale and bought in by the district for the sum of $1,000. On February 25, 1933, thereafter the district conveyed the land to T. R. Chesser and Jess Williams, who went into possession of the land, and have remained in possession since.

A writ of error was refused by the Supreme Court in the Elder Case and mandate issued.

On March 20, 1934, Mrs. Anna Dwyer, joined by her husband, Joseph L. Dwyer, filed an answer in the suit claiming to be the assignees of Jack Coleman. On March 30, 1934, Jack Coleman, for himself and on behalf of Mrs. Dwyer and her husband, also answered.

These answers were identical and consisted of general demurrers, general denials, and specially alleged that they were the owners of four notes for $500 each secured by vendor's lien and deed of trust liens on the land; that said notes had been transferred to Coleman by the Border Mortgage Company and later transferred to Mrs. Dwyer as her separate estate; that the directors of the district had conspired together to secure the land for themselves and to divest the title out of the lienholders; that there had been discrimination in the bringing of the tax suit and fraud in the sale to Chesser and Williams. They prayed for foreclosure of the vendor's and deed of trust liens, for an accounting, that the sale be set aside; and for redemption. April 19, 1934, the district filed an amended petition seeking a foreclosure of tax lien not only for the year 1930, as prayed for in its original suit, but also for the years 1931, 1932, and 1933, as against Coleman and the Dwyers.

The district specially excepted to those portions of the answers of Coleman and the Dwyers in which the foreclosure judgment, the sale thereunder and the sale to Chesser and Williams were attacked, and in which a recovery of rents and revenues was sought.

These exceptions were sustained.

Chesser and Williams appeared and generally denied the allegations in the answers of Coleman and the Dwyers. They also alleged that they were innocent purchasers for a valuable consideration.

Judgment was rendered in favor of the district for $10,395.78, and a foreclosure of

its tax lien on the property for 1930, 1931, 1932, and 1933, and granting to the Dwyers a foreclosure of their lien on the property in the sum of $3,052.09, subject, however, to the prior lien of the district. Mrs. Dwyer and her husband have brought the case to this court by writ of error.

## Opinion.

Plaintiffs in error present nineteen assignments of error with twelve propositions thereunder upon which they seek a reversal of the trial court's judgment.

Article 7284a, Vernon's Ann. Civ. St., reads: "Whenever land is sold under a decree and judgment of Court for taxes levied by or for any district organized under the laws of the State of Texas with authority to levy and collect taxes, the owner of such property, or any one having an interest therein, shall have the right to redeem the same at any time within two years from the date of such sale· upon payment of double the amount paid by the purchaser at such sale; provided, that the purchaser at such foreclosure sale,. and his assigns, shall not be entitled to the possession of the property sold for taxes until the expiration of two years from the date of such sale."

■ Plaintiffs in .error claim that .they have the right to redeem the land under the provisions of this statute. By their first five.propositions they contend that the statute does not impair the obligation of contracts where a subdivision of the state, such as the district, is the purchaser; that plaintiffs in error came within the term "anyone having an interest therein" used in the statute; that the wisdom of the legislation cannot be inquired into since the object of the purchase of the property by the district was the collection of taxes and not the acquisition of property; and that the district and its assignee, not being affected by the unconstitutionality of the statute, cannot raise that question.

Our Supreme Court in Dallas County Levee Imp. Dist. No. 6 et al. v. Rugel, 36 S.W.(2d) 188, held that an effort to apply the provision of the article to sales under foreclosure for taxes levied to secure the payment of bonds issued prior to the passage of the law was ineffectual because it would impair the obligation of the contract between the District and the bondholders.

In the very recent case of Grossman et al. v. Hudspeth ·County Conservation and Reclamation District No. 1, et al., 75° F. (2d) 152, the Circuit Court of Appeals for the Fifth Circuit held that the provisions of the article were inapplicable to sales to the district, as well as other purchasers, and that title of a subsequent purchaser from the district was absolute. A writ of certiorari was denied by the Supreme Court in that case. 55 S. Ct. 638, 79 L. Ed. ——.

That decision, we feel, determines the above questions adversely to the contention of plaintiffs in error, and we accordingly overrule the assignments raising the questions as to the constitutionality and applicability of the statute.

■ The sixth proposition attacks the action of the trial court in sustaining certain special exceptions to the allegations of a conspiracy on the part of the directors in connection with the institution and prosecution of the original foreclosure suit. As heretofore stated, the judgment in the original suit, in so far as Coleman's rights were concerned, was reversed by this court on the former appeal. That judgment and the sale made thereunder were both subject to such rights as Coleman had in the property, and we fail to see how either he or his assignee could be prejudiced thereby. The same is equally true as to the alleged refusal of the directors to permit plaintiffs in error to see the records. It also appears that plaintiffs in error nowhere allege that the original suit was brought in an unlawful or improper manner, or that the bringing thereof was unlawful.

■ There is no contention made that the Elders did not owe the taxes sued for and that the suit was not instituted and prosecuted in accordance with the statutes. The fact that other tax suits were filed with no intention of prosecuting them to judgment would furnish no ground for the abatement of that suit, and no defense to the cause of action alleged.

■ We can find no merit in the proposition that plaintiffs in error are entitled to recover the rental value of the land from Chesser and Williams because of being subrogated to the rights of the landowner. The redemption statute being invalid, the landowner lost his right to possession by virtue of the judgment of foreclosure and order of sale. This being true, he would have no claim for the rental value of the land, and consequently the lien holders would have none.

We shall not discuss in detail the remaining questions presented on this appeal. In our opinion no reversible error is shown, however, and all assignments are overruled.

The judgment of the trial court is accordingly affirmed.