**DWYER et al. v. HUDSPETH COUNTY CONSERVATION AND RECLAMATION DIST. NO. I et al.**

No. 3183.

Court of Civil Appeals of Texas. El Paso.

May 2, 1935.

Rehearing Denied May 16, 1935.

R. E. Cunningham and Whitaker & Peticolas, all of El Paso, for plaintiffs in error.

Frank B. Clayton, R. F. Burges, and Walter S. Howe, all of El Paso, for defendants in error.

PELPHREY, Chief Justice.

This case is practically identical with the case of Anna Dwyer and Joseph L. Dwyer v. Hudspeth County Conservation and Reclamation District No. 1 et al., No. 3182 (Tex. Civ. App.) 83 S.W.(2d) 388, this day decided; the difference in the facts involved being that the owner of the land in No. 3182 was I. E. Elder and wife, while the suit here was against W. E. Wood and in No. 3182, the land was sold to Chesser and Williams, while in this case the sale was made to Haskell V. Cooke and wife.

This case, like No. 3182, was also before this court on a former appeal, Christie et al. v. Hudspeth County Conservation and Reclamation District No. 1 et al., 64 S.W. (2d) 978, to which report reference is here made for a more complete statement of the facts.

The only question presented here which was not presented in No. 3182 is that of the correctness of the trial court's action in sustaining an exception to the allegation in plaintiffs in error's amended answer that E. L. Dawson, Jr., had acquired the interest of W. E. Wood in the land in controversy.

Plaintiffs in error now contend that they were entitled to allege such fact and have him made a party to the suit. Dawson was not named as a party by plaintiffs in error and no request that he be made a party appears in their pleadings.

This matter presents no error. The same court that sustained the exception had theretofore rendered judgment foreclosing a tax lien against the property and had ordered it sold to satisfy such lien. From such judgment Wood had not appealed.

Being of the opinion that the questions presented have been correctly disposed of in No. 3182, and that the action above mentioned constitutes no reversible error, the judgment of the trial court is affirmed.