[Civ. No. 10199. Second Appellate District, Division One.—June 24, 1935.]

PHILIP L. WILSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Overton, Lyman & Plumb and Chalmers L. McGaughey for Petitioner.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondents.

YORK, J.—This matter comes before this court on an amended petition for writ of mandate, pursuant to which the alternative writ issued. The basis of this proceeding is the denial by the trial court of a motion to appoint an appraiser in a certain action filed in the Superior Court of Los Angeles County, wherein the plaintiff sought to recover a money judgment against defendants James H. Thomas and Mildred M. Thomas, as makers, and against Philip L. Wilson, this petitioner, as undisclosed principal, upon a promissory note secured by a deed of trust, and in which said plaintiff therein sought to foreclose said deed of trust pursuant to the provisions of sections 725a and 726 of the Code of Civil Procedure. Prior to the date that said cause was set for trial, petitioner applied to the trial court for the appointment of one of the inheritance tax appraisers to appraise the property involved, in accordance with the terms of said section 726, as amended in the year 1933, which application was denied. This proceeding is brought before this court on the theory that the trial court was specifically enjoined to appoint one of the inheritance tax appraisers, provided for by the terms of said section 726, in order to fix a value as of the time of the sale of the property sought to be foreclosed in said action, petitioner contending that respondent court is without power to deny the petition to appoint said appraiser. The action of the trial court in refusing to make such ap-

pointment is evidently based on its belief that the provision of section 726, Code of Civil Procedure, requiring the appointment of an appraiser, and the provision of said section with relation to the entry of deficiency judgment were and are,—as to the parties to said action,—invalid, void and unconstitutional by reason of the fact that the note and the trust deed sought to be foreclosed were made prior to the passage of said sections 725a and 726 of the Code of Civil Procedure, as they now exist.

It is the opinion of this court that this position on the part of the trial court is correct and that, at least in so far as it affects the right to a deficiency judgment, the appraisal direction in the amended section 726 of the Code of Civil Procedure is unconstitutional and void, and cannot be enforced as against the plaintiff in the action. This is in accord with the decision in the analogous case of *Bennett* v. *Superior Court,* 5 Cal. App. (2d) 13 [42 Pac. (2d) 80], in which matter a petition for hearing was denied by the Supreme Court. This is also supported by the reasoning set forth by the Supreme Court in its decision in the case of *Morris* v. *Pacific Electric Ry. Co.,* 2 Cal. (2d) 764 [43 Pac. (2d) 276], wherein the effect of remedial legislation, in so far as the same principal here raised is concerned, was discussed and the limits circumscribing the effect of so-called remedial legislation are fully set forth.

There is no merit in the suggestion of petitioner that, because the plaintiff elected to foreclose by court action under section 726, he must take the procedure "as he finds it". If he had caused sale to be made under the power of sale without decree of foreclosure, he would have been met by these identical unconstitutional provisions which the legislature has written into section 580a of the same code.

On the authority of the decisions hereinabove cited, the alternative writ of mandate is discharged.

Conrey, P. J., concurred.

Houser, J., did not participate in this decision.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.