[S. F. No. 15599.   In Bank.—January 28, 1936.]

CENTRAL BANK OF OAKLAND (a Corporation), Respondent, v. FRANK H. PROCTOR et al., Appellants.

John T. Wentz and Booth B. Goodman for Appellants.

Russell H. Pray, John F. McCarthy and Lionel B. Benas, as *Amici Curiae* on Behalf of Appellants.

Fitzgerald, Abbott & Beardsley for Respondent.

THE COURT.—This cause was taken over after decision in the District Court of Appeal, First Appellate District, Division Two, because of one of the issues involved herein, viz., whether section 2924½ of the Civil Code, enacted in 1933, which section precludes the entry of a deficiency judgment unless one year, as distinguished from the former period of three months, has elapsed between the recordation of the notice of breach and election to sell and the date of sale under a deed of trust, may be applied to deeds of trust, executed

prior to the effective date of the section. The trial court and the District Court of Appeal concluded that the section should not be applied retroactively. ■ This is in accord with our decision in *Brown* v. *Ferdon,* L. A. No. 14775 (*ante,* p. 226 [54 Pac. (2d) 712]), this day filed, wherein we held that the section could not be retroactively applied without doing violence to the "contract clause" of the Constitution. The decision in *Brown* v. *Ferdon, supra,* is determinative of the question in the instant case.

■ During the trial the defendants, relying on the provisions of section 580a of the Code of Civil Procedure, also enacted in 1933, sought to introduce evidence regarding the market value of the property described in the deed of trust at the date of sale. The evidence was excluded. We find no error in the rulings thereon, for in *Bennett* v. *Superior Court,* 5 Cal. App. (2d) 13 [42 Pac. (2d) 80], hearing denied in this court, it was held that section 580a, *supra,* was without application to notes and deeds of trust antedating its enactment.

We adopt the remaining portions of the opinion prepared in the District Court of Appeal by Mr. Justice Sturtevant as and for the decision of this court.

"In an action to obtain a deficiency judgment after a sale had under a trust deed the defendants have appealed.

"The name of the plaintiff was formerly Central Savings Bank of Oakland but prior to the commencement of this action its name was changed to Central Bank of Oakland. Heretofore the plaintiff loaned to the defendants $45,000 and in evidence thereof they executed their promissory note dated January 21, 1932. By the terms of the note $100 was payable February 21, 1932, and $100 on the 21st day of each and every succeeding month thereafter until the 21st day of January, 1933, on which day the entire unpaid balance became due and payable. On the same day the note was made the defendants, as grantors, executed to Central National Bank of Oakland a trust deed in favor of the plaintiff as beneficiary. By its terms the trust deed conveyed a lot in Oakland and the apartment house standing thereon. Interest was paid to the 15th day of July, 1932, and $9.21 on account of future interest.

. . . . . . . . . . . . .

■ "The defendants contend that under the terms of the deed the plaintiff agreed to accept the proceeds of the sale as payment in full. Freely conceding that such a contract could

have been made, nevertheless we think there is nothing in the deed that supports the contention of the defendants. The covenants contained in the deed on which the defendants base their contention are as follows: 'AND the grantee, or its successors or assigns, shall establish as one of the conditions of such sale, that all bids and payments for said property shall be made in like lawful money as aforesaid, and upon such sale it shall make, execute, and, after due payments made, shall deliver to the purchaser or purchasers, his or their heirs or assigns, a deed or deeds of the premises so sold, and shall apply the proceeds of sale thereof, in payment, FIRSTLY, of the expense of such sale, together with the reasonable expenses of this trust, including therein counsel fees, in lawful money, in an amount equal to five per cent of the amount secured hereby and remaining unpaid, which shall become due upon any default made by the said grantors in any of the payments aforesaid; and also such sums, if any, as said grantee, or said party of the third part shall have paid for procuring an abstract of, or for search of, the title to said premises, or any part thereof, subsequent to the execution of this Deed of Trust, and in payment, SECONDLY, of the said promissory note—and of the amount of the principal and interest thereon then remaining unpaid, and the amount of all other moneys, with interest thereon, herein agreed or provided to be paid by the said grantors; and the balance or surplus of such proceeds of sale it shall pay to the said grantors, their heirs, executors, administrators or assigns.' It will be noted that the covenant quoted contains no expression to the effect that the payments will be accepted 'in full'. On the other hand, the covenant does recite that the grantee ' . . . shall apply the proceeds of sale thereof firstly, of the expense of such sale, together with the reasonable expenses of this trust. . . . ' For the reasons stated, and others not necessary to state, we think that the contention of the defendants would in effect place a strained construction on the terms of the trust deed.

█ "In their amended answers the defendants set forth what purported to be contracts modifying the terms of the original contract. In effect the trial court held that no modified contract was proved. In so holding we think the trial court did not commit an error. On the 15th of March, 1933, the defendants were behind in their payments. The plaintiff was pressing them to comply with the terms of their contract.

Thereupon the defendant Frank H. Proctor wrote a letter dated March 15, 1933, to Mr. C. J. Gates, who was in charge of the property for the defendants, to pay to Central National Bank all moneys received from the property less current expenses. On the same date he wrote a letter to Central National Bank, directing it to pay said moneys to plaintiff to be credited on account of interest, etc. Thereafter on April 10, 1933, Mr. Proctor sent copies of said letters to the plaintiff. No written document signed by the plaintiff or its agents touching the subject-matter was offered in evidence, however, the defendants sought to prove that Mr. C. D. Bowman, who was on said date assistant cashier of the plaintiff, made certain oral promises to the defendants. It will be observed that the amounts ordered paid to the plaintiff were moneys which the plaintiff was entitled to receive under and by virtue of the original contract. The source from which those moneys came was a matter of no concern to the plaintiff. The letters written by Mr. Proctor do not show on their face any promise made either orally or in writing by the plaintiff. If the defendants would claim that these transactions constituted a written contract they failed to show any writing on the part of the plaintiff. The fact that the letters were signed by the defendants and not by the plaintiff did not establish a written contract. If they would claim that an executed oral agreement was made, such claim must fall for the proof shows that it was not executed. We think there was no evidence that the contract between the parties was modified. (*Rottman* v. *Hevener,* 54 Cal. App. 474 [202 Pac. 329].)

"During the trial the plaintiff offered in evidence, and over the objection and exception of the defendants the trial court admitted, a ledger sheet. The objection of the defendants was that no proper foundation therefor was made. The objection was well founded and it should have been sustained. (*Chan Kiu Sing* v. *Gordon,* 171 Cal. 28 [151 Pac. 657].) It follows that it was error to admit the sheet. However, the error was not prejudicial. On its face it showed the amount of the loan, $45,000. That item was admitted by the pleadings. It also showed the expenses, etc., of the trustee's sale and the disbursement thereof. The latter entries were made in the handwriting of Mr. Peterson, the witness on the stand, who produced the ledger sheet and who testified that he personally made the disbursements. On the card certain

payments on the debt of the defendants were set forth. We do not understand the defendants to claim that said payments were not made. Furthermore the burden rested on the defendants to introduce evidence of and concerning payments made by them. It follows that admitting the ledger sheet was not a prejudicial error.

██ ''The defendant Flora MacD. Proctor offered to prove that she signed the note and deed of trust in the case at bar for a particular purpose and that T. A. Crellin, the executive vice-president of the plaintiff bank, was advised and accepted her signature for the purpose of subjecting her community interest, if any she had, in the real property in question, and that she assumed no personal liability by the signing of said note or deed of trust and that she should have been permitted to introduce that proof. Before going further it should be noted that the pleadings presented no question of fraud, therefore it is not necessary to consider whether fraud was or was not committed. In the absence of any provision contained in the contract limiting her liability, we think that Mrs. Proctor may not complain of the court's ruling. (*Hammond Lumber Co.* v. *Danziger,* 2 Cal. App. (2d) 197, 200 [37 Pac. (2d) 517].)

██ ''After the notice of default was recorded and after the defendants had been notified in a letter from the attorneys that the arrangement for the payment of the rent to the plaintiff was terminated, the defendants paid $868.19 to the Central National Bank of Oakland. The evidence shows affirmatively that said moneys were not paid to the plaintiff. Nevertheless the defendants complain because the trial court did not allow the jury to pass on the question as to whether such moneys had been paid to the plaintiff. The record shows nothing to the contrary but that the Central National Bank received and now holds the $868.19 on some obligation not germane to the instant litigation. As stated hereinabove, if the defendants claimed that said payments were made on the note dated January 21, 1932, and should have been applied thereto, the burden rested on them to show the facts. They neither did so nor offered to do so, but relied solely on the fact that Central National Bank of Oakland was at one time the trustee named in the trust deed. In that connection the evidence shows affirmatively that it ceased to be such trustee on April 21, 1933. However, by the terms of the contracts

between the parties no covenant authorized payments due the plaintiff to be collected by the trustee; but the note provided that the principal and interest were payable to the plaintiff at its office and by the terms of Mr. Proctor's letters the proceeds from the apartment house were to be credited only after they were received by the plaintiff. Under the foregoing facts we think it is clear that after the notice of default the plaintiff received no further payments from the defendants and did not waive the default, and furthermore that there was no evidence received or offered showing that a deficiency judgment was waived.''

The judgment is affirmed.