[L. A. No. 15673. In Bank.—August 4, 1938.]

MARGARET M. MILLER, Respondent, v. ALFRED E. HART et al., Appellants.

Byron J. Walters and R. L. Carlisle for Appellants.

V. A. Morgan for Respondent.

Louis Ferrari, Edmund Nelson, Freston & Files, Ralph E. Lewis, O'Melveny, Tuller & Myers, Walter K. Tuller, Louis W. Myers, Pierce Works and C. H. White, as *Amici Curiae,* on Behalf of Respondent.

WASTE, C. J.—Pursuant to the allegations of the complaint herein, judgment was entered for the plaintiff decreeing foreclosure of a trust deed and sale of the property covered thereby, and the entry of a deficiency judgment in a sum equal to the difference between the amount of the indebtedness and the amount procured at the commissioner's sale of the property. The defendants Hart appeal from that portion of the decree directing the entry of a deficiency judgment in such amount and contend that the trial court erred in denying their request for the appointment of an appraiser to determine the "fair value" of the property, pursuant to the provisions of section 726 of the Code of Civil Procedure, as amended in 1933, and in refusing to confine and limit any deficiency judgment thereafter to be entered, as provided in the cited code section as amended, to "the amount by which the amount of the indebtedness with interest and costs of sale and of action exceeds the fair value of the property", as determined under the section. The trust deed here involved and the note which it secures, were executed prior to said 1933 amendment of section 726, *supra,* and prior to the enactment in the same year (1933) of section 725a of the Code of Civil Procedure, which latter section, for the first time, provided for the judicial foreclosure of trust deeds.

In answer to a debtor's contention that the remedy of judicial foreclosure provided by section 725a, *supra,* might not constitutionally be applied to trust deeds antedating its enactment, we had occasion to declare in *Lincoln* v. *Superior Court,* 2 Cal. (2d) 127, 130, 131 [39 Pac. (2d) 405, 406], that said section merely provided a new and alternative remedy looking to the application of the security to the indebtedness, in addition to the existing remedy of trustee's sale

under the instrument, which new remedy neither added to nor detracted from the substantive rights of the debtor but only required the payment of the indebtedness as contracted. Specifically, it was declared in the Lincoln case that the right of foreclosure provided for in section 725a, *supra*, "is given as an alternative to the exercise of the power of sale under a trust deed. The section is a remedial statute which merely affords a new and additional means of enforcing a right. . . . In conclusion, we reiterate that because the beneficiary *elects* to accept all the incidents of judicial foreclosure when he pursues the alternate remedy provided by section 725a, *supra*, and because the trustor loses no substantive right, but, in fact, gains a statutory right of redemption, by the *beneficiary's election*, the section is not unconstitutional as applied to trust deeds executed prior to its enactment."

 It is obvious from the foregoing that the pursuit of the new and alternative remedy of judicial foreclosure by a beneficiary under a trust deed which antedates the creation of such remedy, is one of choice and not of compulsion. The remedy of trustee's sale contemplated by the trust instrument in the event of default, was not denied to or taken from the beneficiary who, following the enactment of the new and alternative remedy of judicial foreclosure, was still free, at his election, to make written declaration of default and demand for trustee's sale. If, as stated, the pursuit of such new and alternative remedy of judicial foreclosure is optional with the beneficiary, we are of the view, regardless of the date of the trust deed, that he takes the right and pursues the remedy as it has existed from its inception, i. e., subject to the possible appointment of an appraiser and a determination of the "fair value" of the property, with any deficiency judgment thereafter entered being limited to the difference between the amount of the indebtedness and the "fair value" of the property. In other words, the beneficiary under a trust deed having an election of remedy, takes the new remedy of judicial foreclosure as he finds it with such limitations thereon as have existed since its creation and this even though his trust deed antedates the enactment of the statute granting such new remedy. Any detriment to or denial of the beneficiary's substantive rights under the trust deed, assuming such detriment or denial flows from an application of the pertinent provisions of section 726, *supra*, which have been incor-

porated into and made a part of such new remedy, is the result not ot legislative edict but of his own voluntary act in pursuing such remedy. ■ We conclude, therefore, that the provisions of section 726 of the Code of Civil Procedure do not impair the obligation of contract and do not fall within the constitutional inhibition against such impairment in so far as they are made to apply to trust deeds antedating the amendment of such section by the voluntary pursuit of the alternative remedy of judicial foreclosure. Anything to the contrary in *Wilson* v. *Superior Court,* 8 Cal. App. (2d) 14 [47 Pac. (2d) 331], or other similar cases, is expressly disapproved.

■ It may not successfully be contended in opposition to the conclusion herein announced, that if the beneficiary, rather than electing to pursue the new and alternative remedy of judicial foreclosure, had caused sale to be made by the trustee under the power of sale and without decree of foreclosure, he would have been met by substantially identical provisions written into section 580a of the Code of Civil Procedure in 1933 and looking to the appointment of an appraiser and the fixation of the "fair value" of the security with a view to limiting any deficiency judgment after sale under the power, as in the case of the judicial foreclosure, to a sum equal to the difference between the amount of the indebtedness and the "fair value" of the security as so fixed. The problem presented by this attempted limitation on the existing remedy of sale under the power, in so far as it purports to apply to trust deeds executed prior thereto, is radically different from the problem presented by a similar limitation on the new and alternative remedy which the beneficiary may or may not elect to pursue. In the former case, the attempted limitation on the existing remedy of sale under the power in the trust deed, may not be given a retrospective application or operation for the reason that it would interfere with and detract from the substantive rights of the creditor. In *Brown* v. *Ferdon,* 5 Cal. (2d) 226 [54 Pac. (2d) 712], we dwelt at some length upon the impropriety of attempting to work a change in the substantive rights of creditors under the guise of a change in the remedy, declaring, in part, that "the *existing* remedy cannot be so altered as to take away or impair any of the rights given by the contract". Prior to our decision in the last cited case, the reasoning therein ex-

pounded was given substantial expression and application by the District Court of Appeal in the case of *Bennett* v. *Superior Court,* 5 Cal. App. (2d) 13, 14 [42 Pac. (2d) 80], wherein it was held, in effect, that the provisions of section 580a, *supra,* looking to the appointment of an appraiser, the fixation of the "fair value" of the property and the limitation of any deficiency judgment *after sale by trustee under the power contained in the instrument* to the difference between the amount of the indebtedness and the "fair value" of the property so determined, could not be given a retrospective application for the reason that they constituted more than a mere procedural change in the *existing* remedy and, if applied retrospectively, would work a change in the substantive rights of the creditor under the guise of a change in the *existing* remedy. See, also, *Central Bank of Oakland* v. *Proctor,* 5 Cal. (2d) 237, 239 [54 Pac. (2d) 718], and *Birkhofer* v. *Krumm,* 27 Cal. App. (2d) 513 [81 Pac. (2d) 609]. However, as stated above, this reasoning is without application to the new remedy as to which "the beneficiary elects to accept all the incidents of judicial foreclosure when he pursues the alternate remedy provided by section 725a . . . ". (*Lincoln* v. *Superior Court, supra.*)

■ What we have said sufficiently disposes of the cause. While this matter was resubmitted at an earlier date in order to permit interested persons to file briefs *amicus curiae* as to any similarity or lack of it between this case and the recent case of *Richmond Mtg. & L. Corp.* v. *Wachovia Bk. & Tr. Co.,* 300 U. S. 124 [57 Sup. Ct. 338, 81 L. Ed. 552, 108 A. L. R. 886], we are now of the view that even if the pertinent provisions of the statute here involved (sec. 726, *supra*), may be distinguished from those presented in the Wachovia case, a point we do not decide, such distinction becomes immaterial in the face of our conclusion that the pursuit of the new and alternative remedy of judicial foreclosure was not compulsory (*Lincoln* v. *Superior Court, supra*), and that the beneficiary was still free to pursue the existing remedy of sale under the power unfettered by the limitations and restrictions fastened upon the new and alternative remedy. (*Bennett* v. *Superior Court, supra; Central Bank of Oakland* v. *Proctor, supra.*) The Wachovia case would appear to be authority, however, for our conclusion that the legislature was free to attach such conditions as it desired to the new and alternative

remedy of judicial foreclosure when, as has been held to be the fact, cases *supra,* the *existing* remedy of sale under the power continued as at the time of the execution of the trust deed, i. e., unchanged in so far as the substantive rights of the parties are concerned. In this connection the Wachovia case declares that "The legislature may modify, limit or alter the remedy for enforcement of a contract without impairing its obligation, but in so doing, it may not deny all remedy or so circumscribe the existing remedy with conditions and restrictions as seriously to impair the value of the right. The particular remedy existing at the date of the contract may be altogether abrogated *if another equally effective for the enforcement of the obligation remains or is substituted for the one taken away.*" Surely, if the existing remedy may be entirely abrogated provided another and equally effective remedy is provided, it follows, *a fortiori,* that a new and purely alternative remedy, not in existence when the trust deed was executed, may be limited or restricted in the discretion of the legislative body particularly when, as shown, the beneficiary was still free to pursue the old and existing remedy without loss of or detriment to his substantive rights. As above indicated, an election to pursue the new and alternative remedy committed the party to take that remedy "as he finds it".

That portion of the judgment appealed from is reversed with directions to the trial court to proceed in conformity with the views herein expressed.

Shenk, J., Houser, J., Curtis, J., Langdon, J., and Edmonds, J., concurred.