### GRAHAM v. CABALLERO.
### No. 4795.

Court of Civil Appeals of Texas. El Paso.

July 11, 1951.

Rehearing Denied Aug. 1, 1951.

Ellis & Minick, San Benito, for appellant.

Bowie & Scanlan, San Benito, for appellees.

SUTTON, Justice.

This suit is denominated one in trespass to try title. The first count is in the statutory form, but there is a second count wherein the plaintiff, Mrs. Alice B. Graham, a widow, pleaded the institution and prosecution of a tax proceeding to collect delinquent taxes due the County and State, and other taxing units, including the San Benito Independent School District and Cameron County Water Improvement District No. 2, the sale thereunder and ultimate transfer of the title to the defendant and the actions and steps taken by her to redeem the property sold. The controversy here is between the parties named, Mrs. Graham and Caballero.

The trial was to the Judge of the 103rd District Court of Cameron County without the intervention of a jury and judgment for the defendants. The judgment is predicated on the grounds redemption is not available under the law applicable to the facts of the case, and if that conclusion be erroneous plaintiff is, nevertheless, precluded because of her failure to comply with the statutory requirements to effect such redemption. The points presented on the appeal challenge these conclusions and the sole controversy between the parties is the right of redemption.

The tax suit was instituted by San Benito Independent School District under the

provisions of Art. 7345b, Vernon's Ann. Civ.St. and all taxing units were made parties under the provisions of Sec. 2 of said article, each of which units answered and set up their claims for taxes due, including the Water District for the amount of $59. Judgment in the tax suit was entered September 24, 1945, and sale was had thereunder on February 8, 1946, to the School District. The District for itself and as trustee for the other taxing unit sold the property to one Markworth August 12, 1946, who in turn sold it to Caballero January 24, 1947.

Mrs. Graham July 30, 1946, addressed a letter to the Tax Collector of Cameron County requesting the amount of taxes due on the lands involved in this suit, expressing a desire to pay the same and clean the property up, which letter was referred to the Collector for the School District, and Mrs. Graham so advised. She thereafter addressed two letters to the Collector for the School District, the second dated September 24, 1946. The Collector replied in longhand on the letter of Mrs. Graham, advising her the land had been sold for taxes to the District and by it sold to Mr. Markworth, giving his address and the amount necessary to redeem the property. October 26, 1946, Hon. Robin M. Pate, attorney for the School District, wrote Mrs. Graham acknowledging a letter written by her to the Collector for the District, and advising her that the property had been sold to Markworth for $507.33, and that if she desired to redeem it she would have to pay him a 25% penalty plus $1.00. On January 21, 1947, Mrs. Graham addressed a letter to the Tax Collector for the School District, saying she had been advised by Mr. Pate it would be necessary to pay Markworth $635.16; that she did not know just how to reach Markworth nor the necessary procedure to redeem, and enclosed her check for the amount mentioned. Mr. Pate wrote Mrs. Graham on January 28, 1947, that he had erred in the amount and supplied the items and the total sum necessary to redeem in the amount of $707.78. January 31, 1947, Mrs. Graham wrote Mr. Pate and enclosed her check for $707.78, and requested the necessary redemption certificates at his convenience. The check in due course cleared and was paid.

Mr. Pate sought to pay the money to Markworth and obtain a quitclaim deed from him, but was advised Caballero was the then owner. Pate sought a quitclaim from Caballero without success, and obtained a certificate of redemption from the Collector of Taxes for Cameron County.

On behalf of the defendant it was stipulated Cameron County Water Improvement District Number Two was a party to the tax suit; that it recovered in said suit judgment for bond taxes delinquent for the years 1939 to 1944, inclusive; that the District issued its bonds originally February 1, 1917, which were refunded during the year 1935; that the refunding order provided: "In addition to all other rights the holders of the refunding bonds herein authorized shall be and are hereby subrogated to all the rights possessed and enjoyed by the holders of the corresponding bonds herein authorized to be refunded."

Defendant contends in the first place redemption is not available under the record and the law applicable thereto to the plaintiff under the provisions of Art. 7345b, supra, and in support thereof relies upon Dallas County Levee Imp. Dist. No. 6 v. Rugel, Tex.Com.App., 36 S.W.2d 188; Grossman v. Hudspeth County Conservation & Reclamation District No. 1, 5 Cir., 75 F.2d 152; Dwyer v. Hudspeth, etc., Tex. Civ.App., 83 S.W.2d 388 (No writ); and Alamo Land & Sugar Co. v. Hidalgo County Water Imp. Dist. No. 2, Tex.Civ.App., 276 S.W. 949.

We think the cases just referred to and relied upon are not applicable to the facts of the instant case and the record. The District came into Court and sought and obtained a judgment for its taxes, a foreclosure of its lien and an order for the sale of the property under the judgment. The judgment and the sale, under their own terms and conditions, were subject to redemption. The judgment specifically provided and directed that the sale be made subject to the right to redeem under the law, and in compliance therewith the Sheriff provided in his deed that the land

might be redeemed by the owner in the language of Art. 7345b; the School District in its deed in like terms provided the sale was made subject to the right of redemption, and defendant's grantors conveyed only the rights, title and interest granted to them. The District accepted, without objection or complaint, the judgment as written and all the benefits it conferred upon the District. Under the judgment it collected all that was due it. The District is in no position, nor is the defendant, to say it is not subject to all the conditions of the judgment, nor to complain of the application thereof to it. These it waived. One may not accept and receive the benefits of a judgment and deny its validity. Bearden v. Texas Co., Tex.Civ.App., 41 S.W.2d 447, loc. cit. 465(31), affirmed Tex.Com. App., 60 S.W.2d 1031; Lowe v. Johnson, Tex.Civ.App., 259 S.W. 1004 (e. dis.).

█ It is generally and universally held a litigant may not treat a judgment as both right and wrong, and if he accepts the benefits of the judgment he will not be heard on an appeal therefrom. Carle v. Carle, Tex.Civ.App., 234 S.W.2d 1002. This is but another way of saying a litigant cannot accept the benefits of a judgment and then attack it as wrong. Under these principles the District, nor those holding through and under it, are in no position to say redemption is not available to the owner, since the judgment and the sale were specifically conditioned on that right.

█ The other position contended for by the defendant, that the plaintiff-owner did not comply with the statutory requirements to redeem, is not tenable. The facts have been fully stated and demonstrate the owner did all that was required and all that could have been done to redeem under the provisions of Art. 7345b, supra, and it would serve no purpose to indulge in a detailed discussion thereof.

We conclude the trial court was in error and the judgment of the lower court will be reversed and here rendered to the effect that the plaintiff have and recover of defendant the land in controversy, and the cause is remanded for a trial on the issue of damages claimed by the appellant.