William A. WARD et al., Appellants,

v.

The CITY OF SAN ANTONIO, Appellee.

No. 15900.

Court of Civil Appeals of Texas, San Antonio.

Dec. 7, 1977.

Rehearing Denied Jan. 11, 1978.

Jack Paul Leon, Mayo J. Galindo, San Antonio, for appellants.

James M. Parker, City Atty., Crawford B. Reeder, Asst. City Atty., San Antonio, for appellee.

MURRAY, Justice.

This is an appeal from that portion of a judgment of the trial court which construed the 1975 amendment to Tex.Rev.Civ.Stat. Ann., Sec. 26(b)(a) of Art. 1269m (Supp. 1977) prospectively, and which further held that the City of San Antonio could appropriately charge firemen's sick leave taken against the last earned but unused sick leave. Art. 1269m became effective in San Antonio on January 1, 1948, and is commonly known as the Firemen's and Policemen's Civil Service Act. The appellants in this suit are 37 former firemen of the City of San Antonio who retired after September 1, 1975, and each had considerably more than 90 days accumulated sick leave upon their retirement. The City paid them the cash equivalent of 90 days sick leave as of September 1, 1975 and such additional days as they had accrued from that date forward to their retirement based upon an annual accrual of 15 working days. It is the position of appellants that upon their retirement they were entitled to receive in lump sum cash payments the cash equivalent of all accumulated sick leave. It is the position of appellee that the payment of more than 90 days sick leave accrued prior to September 1, 1975 would be in violation of Art. 3, § 53 of the Texas Constitution, which provides:

The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, af-

ter service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law.

 To better understand the contention of the parties, we quote the pertinent part of Sec. 26 as it was originally passed and as it was amended in 1955, 1957, and 1975:

Permanent and temporary employees in the classified service shall be allowed a total of sick leave with full pay computed upon a basis of one full working day allowed for each full month employed in a calendar year, with an extra day added for each four (4) months, so as to total fifteen (15) working days to an employee's credit each twelve (12) months.

Employees shall be allowed to accumulate fifteen (15) working days or sick leave with pay in one calendar year.

Sick leave with pay may be accumulated to a total not exceeding ninety (90) days, with the privilege of an extension of sick leave in case of exhaustion of time, providing that the said employee can conclusively prove that such illness was incurred while in performance of his duties.

In the event that an employee of the Fire or Police Department for any reason leaves the classified service he shall remain on the payroll until his accumulated sick leave is all used. (Acts 1947, 50th Leg., p. 550, ch. 325).

In 1955 Sec. 26 was amended as follows:

Sick leave with pay may be accumulated without limit . . . .

In the event that an employee of the Fire or Police Department for any reason leaves the classified service he shall remain on the payroll for a period not exceeding ninety (90) days and only until his accumulated sick leave is all used. (Acts 1955, 54th Leg., p. 706, ch. 255).

In 1957 Sec. 26 was amended as follows:

Sick leave with pay may be accumulated without limit . . . .

In the event that a Fireman or Policeman for any reason leaves the classified service, he shall receive, in lump sum payment, the full amount of his salary for the period of his accumulated sick leave, provided that such payment shall not be based upon more than ninety (90) working days of accumulated sick leave. (Acts 1957, 55th Leg., p. 1171, ch. 391).

Effective September 1, 1975, Sec. 26 was amended as follows:

In any city in this State having a population of six hundred and fifty thousand (650,000) or more inhabitants, according to the last preceding federal census, a fireman or policeman who leaves the classified service for any reason or the beneficiaries of any fireman or policeman who loses his life as a result of a line of duty injury or illness shall receive in a lump sum payment the full amount of his salary for the period of his accumulated sick leave. Sick leave shall be accumulated without limit. (Acts 1975, 64th Leg., p. 302, ch. 131).

Sec. 26 has at all times since it was originally enacted in 1947 provided for an accumulation of 15 workings days of sick leave with pay in a calendar year. Since January 1, 1948 the Firemen's and Policemen's Civil Service Act, with its amendments, became a part of the contract of employment between the firemen and the City of San Antonio. *Byrd v. City of Dallas*, 118 Tex. 28, 6 S.W.2d 738 (Tex.Com.App.1928); *City of Orange v. Chance*, 325 S.W.2d 838 (Tex. Civ.App.—Beaumont 1959, no writ). Until September 1, 1975, Sec. 26 of such statute provided for a maximum lump sum payment of 90 days sick leave upon an officers leaving the classified service and any accumulated sick leave above the 90 days was lost. The contract between the parties to this suit prior to September 1, 1975, was for the payment of only 90 days of accumulated sick leave and an effort to apply the provision of the September 1, 1975 amendment to accumulated sick leave in excess of 90 days earned prior to September 1, 1975, would impair the obligation of the contract as it then existed. *Dallas County Levee*

*Improvement Dist. No. 6 v. Rugel,* 20 S.W.2d 148 (Tex.Civ.App.—Dallas 1929), *rev'd,* 36 S.W.2d 188 (Tex.Com.App.1931, *holding approved* ). The additional burden imposed upon the City by giving the 1975 amendment a retroactive interpretation is too plain to admit of any serious controversy. It is the Court's duty to give the 1975 amendment a construction or interpretation that will render it valid, if it is reasonably possible to do so. *Hamrick v. Simpler,* 127 Tex. 428, 95 S.W.2d 357 (1936); 53 Tex. Jur.2d *Statutes* § 157 at 225. We hold that the trial court was correct in construing the 1975 amendment to Sec. 26(b)(a) of Art. 1269m prospectively. The payment of more than 90 days sick leave accruing prior to September 1, 1975, would be in violation of Art. 3, § 53 of the Texas Constitution.

Appellants also say that a prospective application of the statute still allows and authorizes a cash payment of full unused accumulated sick leave rather than the more narrow interpretation or construction placed upon the amendment by the trial court, because the 1975 amendment only changes the method or mode of payment and does not create any new benefits. We are unable to follow this argument. While it is true that the 1957 amendment to Sec. 26 changed the method or mode of payment from remaining on the payroll for a period of 90 days to a lump sum payment of 90 days, the interpretation of the 1975 amendment as urged by appellants would do much more. The contract between the City of San Antonio and the firemen prior to September 1, 1975 was for the payment of 90 days of accumulated sick leave upon the separation from the classified service and the payment of more than 90 days accumulated sick leave accumulated prior to September 1, 1975 would be extra compensation within the meaning and provision of the above constitutional amendment and not just a change in the method or mode of payment.

█ Appellant next contends that there was error for the trial court to hold as proper the charging of appellant's sick leave taken against that last earned but unused sick leave. This practice had the effect of diminishing the additional days accrued sick leave earned after September 1, 1975 when a fireman actually took sick leave after September 1, 1975. It is apparent that if his sick leave taken was charged against his first earned but unused sick leave upon his leaving the service, he would be paid, under our holding, for 90 days accumulated sick leave and such additional days as he had accrued after September 1, 1975. Sec. 26 of Art. 1269m, with all of its amendments, is silent as to which method should be used. The record shows that it has always been the practice of the City of San Antonio to charge appellant sick leave from the latest earned but unused sick leave and not from the first earned but unused sick leave. Evidence of custom is admissible to explain an ambiguous contract or to add to it an element not in contravention of its terms. *Miller v. Gray,* 136 Tex. 196, 149 S.W.2d 582 (1941). This custom does not conflict with any terms of the statute and we think should prevail.

For these reasons the judgment of the trial court is affirmed.