**Office of the Attorney General**
**State of Texas**



DAN MORALES
ATTORNEY GENERAL

October 10, 1991

Honorable Ernestine V. Glossbrenner          Opinion No. DM-48
Chairman
Public Education Committee                    Re: Whether school districts have the
Texas House of Representatives                authority to pay school employees for
P. O. Box 2910                                accrued sick leave   (RQ-147)
Austin, Texas 78768-2910

Dear Representative Glossbrenner:

You have requested an opinion regarding the authority of school districts to pay their employees accrued sick leave. Specifically, you ask whether, in light of recent legislation, school districts that have adopted a policy to pay employees for accrued sick leave continue to have the authority to do so. You also ask whether school districts that have not yet adopted such a policy would be prohibited from adopting one in the future.

Your query arises as a result of House Bill 2885, a measure that deals primarily with school finance, passed by the 72nd Legislature in June 1991. *See* Acts 1991, 72d Leg., ch. 391, at 1475. Section 68 of House Bill 2885 amended section 13.904 of the Education Code, which formerly required school districts to provide teachers with five days of sick leave per year. Prior to the amendment, section 13.904(a) provided that "[a] state minimum sick leave program consisting of five days per year sick leave with no limit on accumulation ... shall be provided for *every teacher* regularly employed in the public free schools of Texas." (Emphasis added.) House Bill 2885 amended section 13.904 of the Education Code to extend the requirement that school districts provide five paid sick leave days to *all* school district employees: "A state minimum sick leave program consisting of five days per year sick leave with no limit on accumulation ... shall be provided for *every person* regularly employed in the public free schools of Texas." Acts 1991, 72d Leg., ch. 391, § 68, at 1502 (emphasis added).

In addition, section 69 of House Bill 2885 repealed section 21.919 of the Education Code, which authorized school districts to pay accrued sick leave to any

non-teacher employee to whom the school district provided sick leave benefits:

> If a school district provides sick leave for an employee not covered under Section 13.904 of this code, the school district may pay the employee for accrued sick leave when the employee leaves the employment of the district.[1]

Apparently, some school districts contend that as the result of the repeal of section 21.919, they are no longer authorized to pay accrued sick leave to any of their employees. Clearly, however, House Bill 2885 repealed section 21.919 as unnecessary surplusage since under the new law there are no employees who are not covered under section 13.904. We conclude that House Bill 2885 does not affect school districts' authority to pay accrued sick leave to their employees.

You also ask us to consider whether the Education Code otherwise authorizes school districts to pay school employees for accrued sick leave. We conclude that it does. The trustees of an independent school district have those powers expressly conferred upon them by law or necessarily implied from express powers. *Harlingen Indep. School Dist. v. C. H. Page & Bros.*, 48 S.W.2d 983, 986 (Tex. Comm'n App. 1932, judgmn't adopted); Attorney General Opinion JM-1000 (1988) at 4-5. Section 23.26(b) of the Education Code gives the trustees of a school district the exclusive power to manage and govern the schools of the district. Section 23.28 of the Education Code authorizes a board of trustees to employ teachers and certain other personnel. Although sections 16.055 and 16.056 of the Education Code set forth a minimum monthly salary base for teachers and certain other personnel, the board of trustees of an independent school district has the discretionary power to exceed this minimum. *See* Educ. Code § 16.057(b); Attorney General Opinion M-493 (1967) (construing predecessor statute). Clearly, the Education Code authorizes a board of trustees to hire employees and to set the terms and conditions of their employment, including their benefits and compensation. We believe these provisions confer upon boards of trustees the implied power to adopt policies allowing payment for unused sick leave. *Cf.* Attorney General Opinion H-797 (1976) (holding that commissioners court had implied statutory authority to pay accrued sick leave).

---

[1]Section 21.919 was enacted in 1981. *See* Acts 1981, 67th Leg., ch. 798, § 2, at 3051.

In addition, section 20.48(c) of the Education Code authorizes school districts to expend local school funds from district taxes for several specific, enumerated purposes and "for other purposes necessary in the conduct of the public schools to be determined by the board of trustees."[2] This section gives trustees of a school district broad discretion to expend local school funds. *See* Attorney General Opinions JM-490 (1986) at 2; H-133 (1973) at 4 (both holding that the determination of whether expenditure is necessary under section 20.48(c) is a matter for the discretion of school boards). In our opinion, section 20.48(c) authorizes boards of trustees to expend school funds to pay employees accrued sick leave if they determine that such a policy is necessary to the conduct of the school district. In sum, we conclude that school districts were authorized to adopt policies allowing payment for unused sick leave in the past,[3] and continue to have such authority following the passage of House Bill 2885.[4]

## SUMMARY

School districts have the implied authority under sections 20.48(c), 23.26(b), and 23.28 of the Education Code to adopt policies to pay their employees for accrued sick leave, and continue to have such authority following the repeal of section 21.919 of the Education Code.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[2]The state discontinued providing funds for sick leave in 1984. Therefore, any payment for accrued sick leave after 1984 would be made from local school funds.

[3]Apparently, prior to the adoption of House Bill 2885, many school districts adopted policies providing accrued sick leave to their employees covered by section 13.904, even in the absence of the explicit statutory authority such as that provided for payment of accrued sick leave to non-covered employees in section 21.919.

[4]Of course, a school district's authority to provide additional compensation to its employees retroactively continues to be limited by article III, section 53, of the Texas Constitution. *See Ward v. City of San Antonio*, 560 S.W.2d 163, 166 (Tex. Civ. App.--San Antonio 1977, writ ref'd n.r.e.); Attorney General Opinion MW-68 (1979).

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General