

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 17, 1992

Honorable Gonzalo Barrientos
Chairman
Committee on Nominations
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. DM-129

Re: Whether a home rule city may, consistent with article III, section 53 of the Texas Constitution, create a "sick leave pool" of sick leave contributed by employees for use by employees who have exhausted their sick leave (RQ-287)

Dear Senator Barrientos:

Your question involves the authority of a municipality to create a "sick leave pool" to which municipal employees may presently and in the future contribute previously acquired sick leave time and from which other employees may draw if they are ill but have no sick time left.[1] We are informed that you are specifically concerned with the powers of a home rule city, and we will limit our discussion accordingly. You ask whether a home rule city may create such a "sick leave pool" without offending article III, section 53 of the Texas Constitution. Before reaching the constitutional issue, we will consider the legislative power of a home rule city to implement a sick leave pool.

Home rule cities possess the full power of self-government, provided that they may not adopt a charter provision or ordinance that is inconsistent with the constitution or general laws of the state. Tex. Const. art. XI, § 5; *see Lower Colorado River Auth. v. City of San Marcos*, 523 S.W.2d 641 (Tex. 1975); *Forwood v. City of Taylor*, 214 S.W.2d 282 (Tex. 1948). Thus, home rule cities look to acts of the legislature not for grants of authority but only for limitations on their powers. *Burch v. City of San Antonio*, 518 S.W.2d 540, 543 (Tex. 1975); *Forwood*, 214 S.W.2d 282. Home rule cities are as a general matter authorized to establish compensation and

---

[1]Article 6252-8e, V.T.C.S., requires each state agency to establish a sick leave pool to benefit employees who suffer a catastrophic illness or injury.

conditions of employment of their employees, including sick leave.[2] *See Byrd v. City of Dallas*, 6 S.W.2d 738 (Tex. 1928); Attorney General Opinion H-1303 (1978). A home rule city therefore has authority to implement a voluntary sick leave pool for its employees by adopting any charter provision or ordinance necessary to establish it.

We next address article III, section 53 which provides as follows:

> The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law.

Tex. Const. art. III, § 53; *see also id.* § 44 (similar provision applicable to state).

Sick leave is a form of compensation or an allowance within this provision. *See Ward v. City of San Antonio*, 560 S.W.2d 163 (Tex. Civ. App.--San Antonio 1977, writ ref'd n.r.e.). Article III, section 53 of the Texas Constitution bars a city from implementing a sick leave pool in a way that grants an additional benefit to its employees for work already performed. Attorney General Opinion JM-1160 (1990).

The courts have addressed the constitutionality under article III, section 53 of sick leave provisions of the firemen's and policemen's civil service statute. *Ward*, 560 S.W.2d 163; *Austin Fire & Police Dep'ts v. City of Austin*, 224 S.W.2d 337 (Tex. Civ. App.--Austin 1949), *aff'd in part and rev'd in part*, 228 S.W.2d 845 (Tex. 1950). Although these decisions concern specific provisions of law, they can provide some general guidance about the question before us.

---

[2]If a home rule city has adopted chapter 143 of the Local Government Code, providing civil service protection for policemen and firemen, it must comply with the code provision on sick leave. *See* Local Gov't Code § 143.045. Since you do not inquire about civil service employees we will not consider whether their inclusion in a voluntary sick leave pool would be consistent with chapter 143 of the Local Government Code.

In *Austin Fire & Police Departments*, firemen and policemen sought a declaratory judgment construing the sick leave provisions of the newly enacted civil service statute, which allowed firemen and policemen to accumulate up to 90 days sick leave and to be paid on retirement for accumulated sick leave.[3]  The plaintiffs claimed that firemen and policemen employed before the effective date of the civil service statute were entitled to accumulate sick leave from their date of employment, not merely from the effective date of the statute.  The court of appeals held that the entitlement to sick leave benefits under the statute began with the effective date of the statute, not the date of employment.  "Since retroactive sick leave benefits would have the effect of granting extra allowance to a public servant, after the services had been rendered, such an act would not be constitutional."  224 S.W.2d at 339 (citing Tex. Const. art. III, § 53).  The Texas Supreme Court agreed with the court of appeals that the sick leave benefits provision applied only from the effective date of the statute, stating that this construction of the statute made it unnecessary to reach constitutional questions.[4]

A subsequent case resulted from a 1975 amendment that removed the 90-day limitation on accumulation of sick leave and allowed payment upon retirement for all accumulated sick leave without limit. *Ward*, 560 S.W.2d 163.  The court held that retiring employees could not be paid for more than 90 days of the unused sick leave they had accumulated prior to the effective date of the amendment, because "[t]he payment of more than 90 days sick leave accruing prior to September 1, 1975, would be in violation of Art. 3, § 53 of the Texas Constitution." *Id.* at 166.

Thus, a sick leave pool may not be created in a way that it provides additional benefits in compensation for work already performed.  For example, if a city employee had exhausted his sick leave and taken unpaid sick leave before the city created a sick leave pool, he could not draw on the pool as a means of reimbursement for those past unpaid sick leave days.  The sick leave pool may, however, be used to increase an employee's potential sick leave benefit prospectively. *See* Attorney General Opinion JM-1160 (a county policy to become

---

[3]The civil service law under consideration was formerly codified as article 1269m, V.T.C.S. It is now codified as chapter 143 of the Local Government Code. The sick leave provision was formerly section 26 of article 1269m, V.T.C.S.; the relevant provisions are now found in section 143.045 of the Local Government Code.

[4]The Texas Supreme Court reversed the court of appeals on another issue that is not relevant to this opinion. *See Austin Fire & Police Departments v. City of Austin*, 228 S.W.2d 845, 847 (Tex. 1950).

effective prospectively that grants additional sick leave to county employees does not violate article III, section 53). Once a sick leave pool is established, this employee benefit becomes a term of employment with the city, and employees receive its benefits prospectively, as compensation for work performed after it is established. *Byrd*, 6 S.W.2d 738.

When an employee contributes to the sick leave pool some of his sick leave accumulated before the pool was established, he is not receiving an additional benefit or additional compensation for work performed in the past. On the contrary, he voluntarily relinquishes the right to use those days of paid sick leave himself and subjects them to the conditions the city has developed for use of the sick leave pool. Thus, the employee's contribution to the pool of sick leave acquired before the pool was established will not cause the city to violate article III, section 53. Whether other terms of a particular sick leave pool are consistent with article III, section 53 of the Texas Constitution must be decided on a case-by-case basis.

## S U M M A R Y

A home rule city has authority to create a "sick leave pool" to which municipal employees may contribute previously acquired sick leave and from which other employees may draw if they are ill but have no sick time left. If the benefits of the sick leave pool are available only prospectively, it will not violate article III, section 53 of the Texas Constitution. When an employee contributes to the sick leave pool sick leave accumulated before the pool was established, he is not receiving additional compensation for work previously performed; thus, he is not involved in a violation of article III, section 53 of the Texas Constitution.

Very truly yours,

DAN MORALES
Attorney General of Texas