OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 7, 1999

Mr. William H. Law
Polk County Auditor
101 West Church Street
Livingston, Texas 77351

Opinion No. JC-0123

Re: Whether a county officer may be credited or compensated for unused vacation time he earned while a county employee (RQ-0067-JC)

Dear Mr. Law:

We understand from your letter that Polk County's personnel policy permits a county employee to be credited for unused vacation time each year. The unused vacation time is credited to the employee on the anniversary of the employee's starting date, and not before. As we understand the policy, if a regular employee resigns before his anniversary date, any unused vacation time earned in the service year of his resignation is lost. County officers do not accrue vacation time.

You tell us that a Polk County employee resigned his employment on December 31, 1998, and was sworn in as a county officer on January 1, 1999. His anniversary date as a county employee fell on January 1, 1999. You ask whether the county may credit or compensate the county officer for the unused vacation time he earned as a county employee. You also ask whether crediting or compensating the officer for the time would constitute "duplicate compensation."

A county commissioners court sets the compensation of county and precinct officers and employees paid wholly from county funds, with certain exceptions. See TEX. LOC. GOV'T CODE ANN. §§ 152.011, .017 (Vernon 1999). As part of compensation, a commissioners court may grant vacation and sick leave benefits and pay or credit personnel for unused portions of such benefits. See Tex. Att'y Gen. Op. No. JM-910 (1988) at 4; Tex. Att'y Gen. LO-98-099, at 1-2. We assume that the vacation leave policy you describe was adopted by the commissioners court and constitutes part of the compensation of county employees.

According to the county's personnel policy as you have described it, the officer may not be credited with the unused vacation time he earned as a county employee. He resigned his county employment before his anniversary date. Consequently, in accordance with the county's personnel policy, unused vacation time for the year was lost. Although he remained on the payroll of the county as a county officer, county officers, you tell us, do not accrue vacation time. Nor is there, as far as we know, any county policy providing for transfer of unused leave in the event a county

employee becomes a county officer. Thus, the vacation time cannot be credited to him as a county officer.

A county commissioners court is not prohibited from adopting a personnel policy whereby unused vacation leave is credited to an employee before the employee's anniversary date, or whereby unused leave is paid to an employee in a lump sum upon resignation, or whereby unused leave follows an employee if the employee becomes a county officer, or which in some other manner would have prevented the officer in this case from losing his accrued vacation benefits. But any policy adopted by the commissioners court that would increase an employee's benefits must operate prospectively, not retrospectively. Otherwise, as your question suggests, the officer would receive "extra compensation" for the work he performed as a county employee.

Article III, section 53 of the Texas Constitution prohibits a county from granting any "extra compensation, . . . after service has been rendered, or a contract has been entered into, and performed in whole or in part." TEX. CONST. art. III, § 53. Benefits that are part of an employee's compensation package while the employee is performing the work are not "extra compensation." *See Ward v. City of San Antonio*, 560 S.W.2d 163, 165-66 (Tex. Civ. App.–San Antonio 1977, writ ref'd n.r.e.). But an increase in benefits approved after the work has been performed may not be applied retroactively to work that has already been performed. *See Pierson v. Galveston County*, 131 S.W.2d 27, 29 (Tex. Civ. App.–Austin 1939, no writ); Tex. Att'y Gen. Op. Nos. JM-1160 (1990) at 2; H-11 (1973) at 4; Tex. Att'y Gen. LO-98-099, at 1-2.

We understand from your letter that when the officer in question resigned his employment from the county, the county personnel policy provided that an employee could not be credited with unused vacation time until the anniversary of the employee's starting date. Because the officer resigned his employment before his anniversary date, his unused vacation leave was lost. The commissioners court may not adopt and apply retroactively a policy that would allow the officer to be credited or compensated for the lost vacation time.

## S U M M A R Y

Where a county's personnel policy provides that an employee's unused vacation time is credited to the employee on the anniversary of the employee's starting date, and not before, a county employee who resigns before his anniversary date and becomes a county officer may not be credited with unused vacation time. A commissioners court may not adopt and apply retroactively a policy that would allow the officer to be credited or compensated for the lost vacation time.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee