

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

May 6, 2005

The Honorable David T. Garcia
Brooks County Attorney
Post Office Box 557
Falfurrias, Texas 78355

Opinion No. GA-0322

Re: Whether a commissioners court or another
elected official may continue to pay compensation
to a suspended employee (RQ-0286-GA)

Dear Mr. Garcia:

You ask whether a commissioners court has authority to allow for suspension with pay as an allowance to be used by elected officials.[1] You also inquire "[w]hether an elected official has the authority to suspend an employee of his department with pay without the Commissioner[s] Court of that county previously providing for 'suspension with pay' as an allowance contemplated by Section 152.011 of the Local Government Code."[2]

You inform us that the Brooks County Sheriff also serves as the Tax Assessor-Collector. Request Letter, *supra* note 1, at 1. *See* TEX. CONST. art. VIII, § 14(b) ("In any county having a population of less than 10,000 inhabitants . . . the sheriff of the county . . . shall be the assessor-collector of taxes . . . ."); BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION: Profile of General Demographic Characteristics: Brooks County, Texas (population 7,976), *available at* http://www.factfinder.census.gov (last visited May 5, 2005). The Sheriff maintains a separate office and a Chief Deputy for operation of his duties as Tax Assessor-Collector. *See* Request Letter, *supra* note 1, at 1. Recently, upon the indictment on a felony charge of a deputy[3] (paid wholly from county funds) in the Tax Assessor-Collector's office, the Sheriff suspended the deputy "with pay until further notice." *Id.* You tell us that the Sheriff has indicated that though he has no department personnel policies or rules for paid suspensions he considers this action to be within his discretion. *See id.* The Commissioners Court of Brooks County is concerned that

---

[1]Letter from Honorable David T. Garcia, Brooks County Attorney, to Honorable Greg Abbott, Texas Attorney General (Oct. 26, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Letter from Honorable David T. Garcia, Brooks County Attorney, to Honorable Greg Abbott, Texas Attorney General (Nov. 3, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us).

[3]Section 85.003 of the Local Government Code provides that "the appointment of a deputy [sheriff] is revoked on indictment of the deputy for a felony." TEX. LOC. GOV'T CODE ANN. § 85.003(c) (Vernon 1999). Because a tax assessor-collector deputy is involved in this instance and not a deputy sheriff, section 85.003 does not apply.

the suspension with pay might continue for an indefinite period. *See id.* Members of the Commissioners Court have expressed concern that this action is similar to a paid vacation such that it is an allowance within the purview of the Commissioners Court. *See id.* You recognize that the Sheriff, as an elected official, has great discretion over personnel matters of his office. *See id.* at 2. Your question requires a determination of whether suspension with pay is a matter within the province of the Commissioners Court or a discretionary matter for the Sheriff.

In your letter you refer to the Sheriff. *Id.* at 1. However, you indicate that he is acting in his Tax Assessor-Collector capacity. *Id.* For purposes of this opinion, we use the term sheriff to refer to a sheriff acting in his capacity as tax assessor-collector. *See* Tex. Att'y Gen. Op. No. V-343 (1947) at 4 ("In counties of less than 10,000 population, the positions of sheriff and assessor and collector of taxes are considered as one office.").

The commissioners court conducts the business of the county. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 2. In addition to its authority to set the compensation for county employees, *see* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999), the commissioners court is charged with the legislative power of budget making, which involves the discretionary authority of setting the budgetary priorities and allocating county funds to the county's purposes. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 2-3; *see also Randall County Comm'rs Court v. Sherrod*, 854 S.W.2d 914, 921 (Tex. App.–Amarillo 1993, no writ) (Poff, J., concurring and dissenting). Though it may not micro-manage an official's decisions as to the use of allocated resources, the commissioners court initially determines "what resources it will place at his disposal." Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3. Only through this budget power is the commissioners court able to influence the actions of other elected officials. *Id.*

A county sheriff is an elected county officer and thereby has a substantial "sphere of influence" within which another officer may not interfere and which may not be usurped. *See Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961) ("Each of the various elected officials, including the Assessor-Collector, has the sphere that is delegated to him by law and within which the Commissioners Court may not interfere or usurp."); *see also Renken v. Harris County*, 808 S.W.2d 222, 226 (Tex. App.–Houston [14th Dist.] 1991, no writ); Tex. Att'y Gen. Op. No. GA-0037 (2003) at 3. This "sphere of authority" consists of those duties the Texas Constitution and statutes delegate to the sheriff, *see* Tex. Att'y Gen. Op. No. GA-0037 (2003) at 3, and includes personnel matters.[4] *See Comm'rs Court of Shelby County v. Ross*, 809 S.W.2d 754, 756 (Tex. App.–Tyler 1991, no writ) (stating Texas courts grant "Texas sheriffs virtually unbridled authority in choosing their personnel"). Although a county commissioners court sets a county officer's budget, the officer

---

[4]In a prior opinion, this office determined that a sheriff's authority over the hiring of personnel is limited by the civil service system. *See* Tex. Att'y Gen. Op. No. GA-0254 (2004) at 4 (opining that a "civil service commission's express statutory authority under section 158.035(a)(1) [of the Local Government Code] to regulate employee selection is broad enough to encompass authority to effectively limit the sheriff's hiring authority."). Only counties with a population of 200,000 or more are eligible to create a county civil service system, and only counties with a population of 500,000 or more are eligible to create a sheriff's department civil service system. *See* TEX. LOC. GOV'T CODE ANN. §§ 158.002, .032 (Vernon 1999). Because the population of Brooks County is less than 10,000, *see supra* at 1, the civil service statutes are not an issue here.

may determine how best to use the funds to accomplish the officer's constitutional and statutory duties. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3. Texas county officials hold "virtually absolute sway over the particular tasks or areas of responsibility entrusted to [them] by state statute." *Familias Unidas v. Briscoe*, 619 F.2d 391, 404 (5th Cir. 1980). Ultimately,

> [i]t is for an elected county official to decide how to use the employees who work in his or her office to accomplish the officer's constitutional and statutory duties. Further, it is for the officer to determine what activities constitute a legitimate use of an employee's official time . . . . A commissioners court that adopts a policy to keep employees from following their supervising county official's instructions to leave may unlawfully interfere in the official's sphere of authority.

Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4.

You specifically ask about the commissioners court's authority under section 152.011 of the Local Government Code. *See* Request Letter, *supra* note 1, at 1. Section 152.011 provides the commissioners court with authority to "set the amount of the compensation . . . and all other allowances for county . . . employees who are paid wholly from county funds."[5] TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999). We recognize that the term "compensation" is a broad term that encompasses more than salary. *See* Tex. Att'y Gen. Op. No. MW-136 (1980) at 2. Additionally, we have previously concluded that authorization to set compensation for employees includes the authority to provide benefits. *See* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 1 (authority granted under section 152.011 encompasses "the authority to confer employment benefits upon county officers and employees"); *see also* Tex. Att'y Gen. Op. Nos. MW-438 (1982) at 1 (entitlement to holidays), MW-136 (1980) at 2 (vacation entitlement), H-860 (1976) at 2 (sick leave benefits), H-797 (1976) at 2 (vacation benefits, holidays, and unused vacation time), M-1252 (1972) at 3 (unused vacation time). However, section 152.011 does not authorize the commissioners court to intrude on the sphere of authority of elected county officials to run their offices at their discretion. *See* Tex. Att'y Gen. Op. Nos. GA-0303 (2005) at 2 (county officer may close office to observe official day of mourning), JC-0239 (2000) at 3 (county officer has implied authority to set the working conditions for employees), JC-0131 (1999) at 1 (commissioners court lacks authority to set office hours of county officials), C-350 (1964) at 1-2 (county officer may close office on Saturday without approval of commissioners court). The commissioners court may not interfere with the powers or duties of independent county officials and their employees. *See Pritchard & Abbott*, 350 S.W.2d at 335.

Moreover, here we are addressing a literal salary rather than an employee benefit as that term is traditionally used. Section 152.011 authorizes the commissioners court merely to "set" the

---

[5]As deputies of a county officer, deputies of the sheriff are county employees paid by county funds. *See* TEX. LOC. GOV'T CODE ANN. § 151.001(a) (Vernon 1999) (a county officer requiring the services of deputies, assistants, or clerks in the performance of his duties shall apply to the commissioners court for authority to appoint the employees).

compensation of county employees. *See* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999). The commissioners court "sets" the salary when it adopts the county budget. Once the commissioners court provides the county officer with the resource of the salary, it may not interfere with his use of that resource for that budget year.[6] *See* Tex. Att'y Gen. Op. No. JC-0131 (1999) at 3 ("once the salaries of county officers and employees are set, the salaries may not be reduced, outside of the regular budget adoption and amendment process"); *see also Pritchard & Abbott*, 350 S.W.2d at 335. Here, to preclude the Sheriff from paying the suspended employee during the fiscal year is to effectively fire the deputy. The right to discharge or suspend a county employee is not "implicit in the authority of the commissioners court to create the positions . . . and to provide for their salaries and expenses." *Ross*, 809 S.W.2d at 756. Accordingly, it is our opinion that as a county officer the Sheriff has the discretion to suspend his deputies and employees as well as the discretion to continue to compensate them during their suspension.

Though broad, this discretion is not unfettered. A sheriff, as every county officer, is bound by the constitution. Article III, section 52(a) provides, in relevant part, that the "Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to . . . grant public money or thing of value in aid of, or to any individual, association or corporation whatsoever." TEX. CONST. art. III, § 52(a). Whether a paid suspension "serves a public purpose must be determined in the first instance by the public official, whose decision is subject to judicial review." Tex. Att'y Gen. Op. No. GA-0303 (2005) at 2; *see also* Tex. Att'y Gen. Op. No. JC-0119 (1999) at 4. Thus, in order to comport with article III, section 52(a), a sheriff must determine, subject to judicial review, whether a paid suspension primarily serves a legitimate public purpose[7] and must place sufficient controls on the compensation to ensure that the public purpose is carried out.[8] *See* Tex. Att'y Gen. Op. No. GA-0078 (2003) at 4 (expenditure of public funds is

---

[6]However, a county officer is always accountable to the voters for his conduct. *See Familias Unidas*, 619 F.2d at 404. Moreover, in each year's budget process, the commissioners court must determine the appropriate funding of a county officer's office. *See supra* note 5; *see also Renfro v. Shropshire*, 566 S.W.2d 688, 691 (Tex. Civ. App.– Eastland 1978, writ ref'd n.r.e.). The commissioners court is able to influence the actions of other elected officials through its budget power. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3.

[7]The Kentucky Attorney General, in discussing the public purpose served by paid suspensions, stated that

> there is a relatively direct benefit to the public where a governmental agency, through a suspension with pay procedure, has a mechanism to aid in promptly addressing circumstances where questions have been raised about the actions of governmental employees, while at the same time, the morale of the public employees is protected against the damage that might result from the possibility of their penalization without a determination of culpability.

Ky. Op. Att'y Gen. OAG 96-3 (1996) at 2-3.

[8]The Kentucky Attorney General Opinion advises that a suspension with pay policy should contain the following minimum provisions:

> (1) that such suspension will be levied only under circumstances where there is a justifiable need for it . . . ;

(continued...)

proper under section 52(a) if expenditure serves a public purpose and sufficient controls are in place to ensure the public purpose is carried out); *see also Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 383 (Tex. 2002).

Article III, section 53 (hereinafter "section 53") prohibits the granting of extra compensation after service has been rendered. *See* TEX. CONST. art. III, § 53. Its purpose is to protect local governments by preventing "counties or municipalities from freely giving away the public moneys for services previously rendered or for which no valid legal authorization existed for which the public would receive no return." Tex. Att'y Gen. Op. No. JC-0376 (2001) at 2. In light of its purpose, "[t]he constitutional prohibition forbids paying extra compensation for past performance or adding additional consideration to the contract already entered into." *City of Orange v. Chance*, 325 S.W.2d 838, 840 (Tex. Civ. App.–Beaumont 1959, no writ). "Extra compensation" has been construed to mean any sum in addition to the contract price or salary. *See Dallas County v. Lively*, 167 S.W. 219, 220 (Tex. 1914). In *Dallas County v. Lively*, the Texas Supreme Court said "[e]xtra compensation is such not merely for being greater or less than the contract, but properly because it is *outside the contract*." *Lively*, 167 S.W. at 220 (emphasis added). Section 53 does not prohibit payment to employees pursuant to prospective terms of employment. *See Chance*, 325 S.W.2d at 840 (deciding that Civil Service Act provided for payment of accumulated sick leave and "became and formed a part of their contracts of employment" and was not extra compensation); *see also Ward v. City of San Antonio*, 560 S.W.2d 163, 166 (Tex. Civ. App.–San Antonio 1977, writ ref'd n.r.e.) ("The contract between the City of San Antonio and the firemen prior to September 1, 1975 was for the payment of 90 days of accumulated sick leave upon the separation from the classified service and the payment of more than 90 days accumulated sick leave accumulated prior to September 1, 1975 would be extra compensation within the meaning and provision of [section 53] . . . ."). Pursuant to the concept of extra compensation being that which is outside of the contract, this office has consistently opined that section 53 does not prohibit the payment of compensation or benefits to employees under prospective terms of employment. *See* Tex. Att'y Gen. Op. No. JC-0115 (1999) at 2 (award of back pay does not violate section 53 when there has been a policy permitting the practice in place prior to the award of back pay); *see also* Tex. Att'y Gen. Op. Nos. DM-129 (1992) at 2, 4 (sick leave pool as term of employment with the city did not violate constitution), JM-1253 (1990) at 2-3 ("A bonus may be paid to a county employee only if the commissioners court has

---

[8](...continued)

> (2) that it will be imposed for a period not to exceed a reasonable time necessary to determine whether the employee should be returned to active service or that the employee's pay may be lawfully terminated;
>
> (3) the policy is uniformly applied;
>
> (4) an employee so suspended shall remain available to immediate recall to active service; and
>
> (5) there is proper administrative approval and documentation of action taken.

*Id.*

approved the bonus plan as part of compensation before the services are rendered."), JM-1160 (1990) at 1-2 (prospective grant of additional sick leave does not violate article III, section 53), H-402 (1974) at 2 (concluding that a commissioners court was not authorized to grant back pay to a suspended employee who had been exonerated unless there had existed, prior to the award of back pay, a policy permitting the practice).

Based on judicial precedent and our previous opinions, we believe that absent a preexisting policy, payment of salary to an employee while that employee is suspended is generally outside the terms of employment of the employee. Salary and other benefits are paid to the employee in exchange for that employee working for the employer for a pre-ordained and specified period of time, i.e., specified numbers of hours per week, for a certain number of weeks a year. An employee who receives the same salary (and benefits) for a period of time less than that originally contemplated receives compensation that is outside of the bargained-for terms of employment, or extra compensation. Accordingly, it is our opinion that where there is no preexisting policy of suspension with pay in the nature of a term of employment, expenditures for that purpose are gratuitous extra compensation prohibited by section 53. *See Lively*, 167 S.W. at 220; *see also* Tex. Att'y Gen. LO-98-099, at 1-2; Tex. Att'y Gen. Op. No. H-402 (1974) at 2.

You inform us that the Sheriff has not previously adopted a policy providing for paid suspensions. *See* Request Letter, *supra* note 1, at 1; *see also* Tex. Att'y Gen. Op. No. JC-0115 (1999) at 2 (noting dispute between employees and school district over whether policy existed in school district). The opinion process does not determine facts. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1. If the facts show that the Sheriff has no existing policy[9] providing for paid suspensions, then the compensation paid to the deputy during the suspension would be extra compensation and thus prohibited by the constitution. In addition, you do not inform us whether the compensation has been paid to the suspended deputy. *See* Request Letter, *supra* note 1, at 1-3. If extra compensation has been paid to the deputy in violation of article III, section 53, the County "may exercise reasonable discretion as to whether to seek reimbursement in a particular case, considering factors such as the 'amount of funds to be reimbursed, the ease of collection, and the legal and other costs incident to collection,'" but is under no duty to recover the extra compensation. Tex. Att'y Gen. Op. No. GA-0171 (2004) at 5; *see also* Tex. Att'y Gen. Op. Nos. JC-0383 (2001) at 4, MW-93 (1979) at 3.

---

[9]In JC-0115, we recognized that a school district's personnel policy providing that "[i]f the superintendent declines to reinstate the employee after the disposition of the criminal charge, or reinstate the employee without back pay, the employee may file a written grievance" would sufficiently "constitute a prior written condition of employment." Tex. Att'y Gen. Op. No. JC-0115 (1999) at 2.

## S U M M A R Y

Pursuant to section 152.011 of the Local Government Code, the county commissioners court sets the salary of county employees when it adopts the county budget. Having provided county officers with the resource of the established salary, the commissioners court is precluded from interfering with the county officer's use of that resource. Because of their significant "sphere of authority," county officers have the discretion to suspend their deputies and employees as well as the discretion to continue to compensate the deputies or employees they suspend.

A county official's discretion is bounded by the Texas Constitution. As a result, the county official must determine that a public purpose is served by the paid suspension and place sufficient controls on the compensation to ensure the public purpose is carried out to comply with article III, section 52 of the Texas Constitution.

Where there is no preexisting policy constituting a term of employment that provides for suspension with pay to county employees, paid suspension is gratuitous extra compensation prohibited by article III, section 53 of the Texas Constitution. Therefore, a county official does not have the authority to suspend an employee with pay unless the officer has previously adopted a policy allowing for paid suspension.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee